COURT OF APPEALS OF VIRGINIA

**PUBLISHED**

Present:   Chief Judge Felton, Judge Kelsey and Senior Judge Bumgardner
Argued at Richmond, Virginia


BOYD B. HEDLESTON

v.      Record No. 0725-13-2

VIRGINIA RETIREMENT SYSTEM

OPINION BY
JUDGE RUDOLPH BUMGARDNER, III
DECEMBER 3, 2013


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Melvin R. Hughes, Jr., Judge

Richard F. Hawkins, III (The Hawkins Law Firm, on briefs), for
appellant.

Brian J. Goodman, Legal Affairs & Compliance Coordinator
(Kenneth T. Cuccinelli, II, Attorney General, on brief), for appellee.


Boyd B. Hedleston appeals the denial of his claim for disability retirement benefits by the

Virginia Retirement System. He contends the circuit court erred in ruling that the denial by VRS

was supported by substantial evidence. We affirm the decision.

We view the evidence in the light most favorable to VRS, the prevailing party below. See

R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Appellant

joined VRS in 2007 when he was employed as a secondary school teacher. In 2006, prior to

becoming a member of the VRS, he had suffered a stroke. Appellant applied for disability

retirement benefits in May 2010. The Medical Board recommended denial of appellant's

application pursuant to Code § 51.1-156(E). It found that "clearly [appellant's] alleged disabling

conditions predated" his entry into the VRS. It further found that "[d]ue to his short tenure, one

cannot say with certainty that [the conditions] have worsened since his entry into the VRS," and

noted that the "residual findings" related to the stroke were "mild in nature."

The Medical Board pointed out that appellant's employer had provided information that appellant had "some performance issues" after the first ninety days of his employment that included the lack of daily lesson plans, unorganized activities, and the failure to maintain a grade book. The board concluded "there is no documentation of any sudden and/or recent deterioration in function" and it did "not find [appellant] to be incapacitated for the further performance of his duties or that his incapacity will be permanent in nature."

VRS denied disability retirement benefits, and appellant appealed. The Medical Board conducted a first appeal review. It reviewed the additional medical evidence provided in the psychology report of Dr. Michael Fielding. The board noted that this report indicated appellant had difficulties with short term memory. However, it stated appellant was diagnosed with anxiety and depression which "could clearly influence [his] function with short term memory." The board found that the records did not "support whether [appellant]'s inabilities [we]re due to an organic basis versus a functional basis." It concluded "significant objective documentation of progressive disability on both reviews has not been provided" and again recommended denial of benefits. It also found appellant was not incapacitated for further performance of his duty.

VRS again denied disability retirement benefits, and appellant appealed. An independent fact finder conducted an informal fact finding proceeding. At that hearing, only appellant testified. Appellant asserted his short term memory lapses formed the basis of his occupational incapacity as a high school teacher. He described his symptoms, various medical diagnoses, and how his medical condition affected him. He summarized medical reports and psychological evaluations. He testified concerning medical treatment he had received from 2001 through August 2011. Dr. Fielding's psychological report and other medical records were made part of the record.

The Medical Board had a transcript of the testimony from the hearing when it conducted a third review of the application. Again it recommended the denial of benefits, stating: "[t]he

applicant alleges cognitive dysfunction due to a stroke in 2006 however, clearly absent is any medical documentation of deterioration over time" and "[f]rom a medical standpoint, there is no documentable medical basis for the applicant's difficulties as a teacher." The board found the low scores in "working memory" could be explained by other conditions such as ongoing anxiety and depression "which [are] treatable condition[s]." The board did not find appellant "to be incapacitated for the further performance of his duties or that his incapacity will be permanent in nature."

The VRS Board requested the fact finder to render a decision after receiving the reports from the Medical Board. The fact finder found that appellant had not presented corroborative evidence of his asserted incapacity. The fact finder noted that although Dr. Fielding's psychological evaluation reinforced appellant's claims of a short term memory loss, "that report also describe[d] impressive cognitive attributes." The fact finder stated the report contained "a very mixed bag of cognitive abilities and challenges, some well above average and some below." He noted that Dr. Fielding characterized appellant's short term memory loss as "extremely low within the average range," and found appellant's testimony was "articulate and indicative of a highly intelligent, highly functioning person."

The fact finder found "there is simply insufficient corroborative evidence in the record to overturn the conclusion of the Medical Board." He concluded that appellant was not incapacitated for the further performance of duty, his impairments were not likely to be permanent, and his disabling health problems did not worsen substantially after he became a member of the VRS. He ruled appellant had not satisfied the requirements of Code § 51.1-156(E).

VRS notified appellant of its final decision to deny disability retirement benefits. Appellant appealed to the circuit court. The circuit court issued a letter opinion in which it found there was substantial evidence in the record to support the final decision of the VRS. The circuit court noted

"the primary condition appellant relies on, memory loss, can be viewed on the record as not medically supported for incapacity, permanency, and substantially worsened." The circuit court held that appellant had not satisfied the requirements for disability retirement.

Upon judicial review of agency action in accordance with the Administrative Process Act, Code §§ 2.2-4000 *et seq.*, appellant bears the burden "to designate and demonstrate an error of law subject to review." Code § 2.2-4027. In this case, the issue is "the substantiality of the evidentiary support for findings of fact." Code § 2.2-4027(iv).

> When the decision on review is to be made on the agency record, the duty of the court with respect to issues of fact shall be limited to ascertaining whether there was substantial evidence in the agency record upon which the agency as the trier of the facts could reasonably find them to be as it did.

Code § 2.2-4027. "Cases subject to the standard of review outlined in Code § [2.2-4027] cannot be considered a trial de novo since the factual issues on appeal are controlled solely by the agency record." School Bd. of Cnty. of York v. Nicely, 12 Va. App. 1051, 1062, 408 S.E.2d 545, 551 (1991). "Therefore, . . . the circuit court's role in an appeal from an agency decision is equivalent to an appellate court's role in an appeal from a trial court." Id.

"The 'substantial evidence' standard . . . is designed to give great stability and finality to the fact-findings of an administrative agency. The phrase 'substantial evidence' refers to 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Virginia Real Estate Comm'n v. Bias, 226 Va. 264, 269, 308 S.E.2d 123, 125 (1983) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). "[T]he court may reject the agency's findings of fact 'only if, considering the record as a whole, a reasonable mind would *necessarily* come to a different conclusion.'" Id. (quoting B. Mezines, Administrative Law § 51.01 (1981) (emphasis in original)).

"A reviewing court 'must review the facts in the light most favorable to sustaining the [agency's] action,' and 'take due account of the presumption of official regularity, the experience and specialized competence of the agency, and the purposes of the basic law under which the agency has acted.'" Johnston-Willis, Ltd. v. Kenley, 6 Va. App. 231, 263, 369 S.E.2d 1, 18-19 (1988) (citation omitted).

Code § 51.1-156 states VRS disability retirement requirements. Code § 51.1-156(E) provides:

> After a medical examination of the member [of the Virginia Retirement System] or after reviewing pertinent medical records, the Medical Board shall certify that (i) the member is and has been continuously since the effective date of retirement if prior to filing of the notification, mentally or physically incapacitated for the further performance of duty, (ii) the incapacity is likely to be permanent, and (iii) the member should be retired. A member shall not be retired for disability for any condition which existed at the time of becoming a member unless medical evidence, convincing to the Board, supports the fact that the pre-existing condition has worsened substantially.

Upon our review of the entire agency record, we conclude that the circuit court did not err in finding that the decision by VRS to deny appellant disability retirement was supported by substantial evidence.

The Medical Board is "a neutral evaluatory mechanism for the Retirement System to gather and analyze medical opinions and reports." Johnson v. Virginia Ret. Sys., 30 Va. App. 104, 112, 515 S.E.2d 784, 788 (1999). "By statute, the medical board is empowered to review reports of medical examinations, to investigate health and medical statements submitted in connection with disability applications, and to report its conclusions and recommendations to VRS. See Code § 51.1-124.23(B)." Id. at 111, 515 S.E.2d at 788. On three separate occasions, the Medical Board examined appellant's case, including his medical reports and records, and his testimony. After each

review, the board recommended denial because appellant had not shown he was physically or mentally incapacitated for further performance of duty. See Code § 51.1-156(E).

The independent fact finder received the recommendations of the Medical Board, reviewed the medical records and testimony of appellant and also was not persuaded that the evidence presented by appellant satisfied the requirements of Code § 51.1-156(E). "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). VRS upheld this finding.

The circuit court had no authority under the Administrative Process Act "to reweigh the facts in the agency's evidentiary record." Boone v. Harrison, 52 Va. App. 53, 61-62, 660 S.E.2d 704, 708 (2008). "We have also observed that 'the deference that we give to the [agency's] fact-finding on medical questions is based upon the "unwisdom of an attempt by . . . [courts] uninitiated into the mysteries to choose between conflicting expert medical opinions."'" Johnson, 30 Va. App. at 111, 515 S.E.2d at 788 (quoting Stancill v. Ford Motor Co., 15 Va. App. 54, 58, 421 S.E.2d 872, 874 (1992)).

We hold that the record before VRS contained "substantial evidence . . . upon which the agency as the trier of the facts could reasonably find them to be as it did." Code § 2.2-4027. The medical evidence presented by appellant did not compel the conclusion that appellant was incapacitated for the further performance of duty, the incapacity was likely to be permanent and, if he suffered from a pre-existing condition, it substantially worsened since he became a member of VRS. See Code § 51.1-156(E). A "reasonable mind" could find that the evidence in this record did not prove appellant's condition met the requirements of Code § 51.1-156(E).

Accordingly, we affirm the denial of disability benefits to appellant.

Affirmed.