COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Judges Humphreys, Beales and Decker
Argued at Norfolk, Virginia


VIRGINIA MARINE RESOURCES COMMISSION

v.      Record No. 1643-14-1

DARRELL W. INSLEY

VIRGINIA MARINE RESOURCES COMMISSION             OPINION BY
                                                 JUDGE ROBERT J. HUMPHREYS
v.      Record No. 1644-14-1                     APRIL 7, 2015

DENNIS W. PARKER


FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
R. Bruce Long, Judge

Matthew R. Hull, Assistant Attorney General (Mark R. Herring,
Attorney General; John W. Daniel, II, Deputy Attorney General;
Lynne C. Rhode, Senior Assistant Attorney General, on briefs), for
appellant.

Ann K. Sullivan (Melissa M. Picco; Sullivan Law Group, PLC, on
brief), for appellees.[1]


The Virginia Marine Resources Commission ("VMRC") appeals the September 8, 2014

decision of the Gloucester County Circuit Court (the "circuit court"). The circuit court reversed

VMRC's decision to revoke the licenses and fishing privileges of Darrell Insley ("Insley") and

Dennis Parker ("Parker"), and remanded the case back to VMRC to reinstate Insley's and

Parker's licenses and privileges. VMRC's single assignment of error is that the circuit court

erred by setting aside VMRC's decision because it was supported by substantial evidence.

_____
[1] Parker's and Insley's cases were consolidated for the purposes of briefing and
argument, and we therefore consolidate the resolution of their appeals in this opinion.

Parker and Insley (collectively "appellees") submit a cross assignment of error asserting that the circuit court erred in failing to award them attorney's fees because they substantially prevailed below and VMRC's position was not substantially justified.

## I. BACKGROUND

Parker and Insley were issued several summonses by VMRC for violating state fishing laws.[2] They were both convicted on all charges in general district court. Neither Parker nor Insley appealed any of their convictions. On March 24, 2014, VMRC held a hearing to consider whether to revoke Parker's and Insley's fishing licenses and privileges pursuant to Code § 28.2-232 because of their recent convictions. At the hearing, VMRC heard evidence of Parker's four convictions stemming from two separate incidents, and Insley's three convictions stemming from three separate incidents. Parker and Insley each were given an opportunity to present evidence and argument, but neither disputed that they were in fact convicted of those violations. VMRC unanimously decided to revoke their fishing licenses and privileges for one year—beginning March 25, 2014 and ending March 25, 2015.

Parker and Insley appealed the VMRC's decision to the circuit court. On August 22, 2014, the circuit court reversed the VMRC's decision, holding that it did not "think the evidence here substantially supports the action that the VMRC took" and that "the action is too draconian given the nature of the violations." Concluding that the evidence did not support a finding that

---

[2] On February 20, 2013, Insley was issued a summons charging him with possession of unculled oysters in violation of Code § 28.2-201. On September 4, 2013, he was issued a summons charging him with commercially taking oysters by dredge between sunset and sunrise in violation of Code § 28.2-530. On December 2, 2013 he was issued a summons charging him with another violation of Code § 28.2-201. On September 4, 2013, Parker was issued a summons charging him with three separate violations: (1) commercially taking oysters by dredge between sunset and sunrise in violation of Code § 28.2-530; (2) dredging on private oyster ground without the permit to dredge on the ground in violation of Code § 28.2-515; and (3) failure to properly mark oyster ground lease and boat before commercially working in violation of Code § 28.2-517. On December 2, 2013 he was issued a summons charging him with possession of unculled oysters in violation of Code § 28.2-201.

Parker's or Insley's convictions rose to a "course of conduct," the circuit court found that the evidence therefore did not support a finding that the licenses and privileges ought to have been revoked. On September 8, 2014, the circuit court entered two orders setting aside VMRC's decision and remanding the matter back to VMRC to reinstate Parker's and Insley's licenses and privileges.

## II. ANALYSIS

The Virginia Administrative Process Act ("VAPA") authorizes judicial review of agency decisions. Code § 2.2-4026. Specifically, "under the VAPA, the circuit court's role in an appeal from an agency decision is equivalent to an appellate court's role in an appeal from a trial court." Sch. Bd. of Cnty. of York v. Nicely, 12 Va. App. 1051, 1062, 408 S.E.2d 545, 551 (1991).

Code § 2.2-4027 provides that "[t]he duty of the court with respect to the issues of law shall be to review the agency decision de novo." However, "[w]hen the decision on review is to be made on the agency record, the duty of the court with respect to issues of fact shall be to determine whether there was substantial evidence in the agency record to support the agency decision." Code § 2.2-4027. This Court has held that "the phrase 'substantial evidence' refers to 'such relevant evidence as a reasonable mind *might* accept as adequate to support a conclusion.'" Hedleston v. Va. Retirement Sys., 62 Va. App. 592, 599, 751 S.E.2d 1, 4 (2013) (emphasis added) (quoting Va. Real Estate Comm'n v. Bias, 226 Va. 264, 269, 308 S.E.2d 123, 125 (1983)). "'[I]n the context of factual issues, the reviewing court shall take due account of the presumption of official regularity, the experience and specialized competence of the agency, and the purposes of the basic law under which the agency has acted.'" Doe v. Va. Bd. of Dentistry, 52 Va. App. 166, 175, 662 S.E.2d 99, 103 (2008) (en banc) (quoting Johnston-Willis, Ltd. v. Kenley, 6 Va. App. 231, 242, 369 S.E.2d 1, 7 (1988)). "The reviewing court may reject the agency's findings of fact only if, considering the record as a whole, a reasonable mind would

necessarily come to a different conclusion." Johnston-Willis, Ltd., 6 Va. App. at 242, 369 S.E.2d at 7.

### A. There Was Substantial Evidence in the Record to Support VMRC's Decision

Code § 28.2-232 provides that:

> [VMRC] may revoke the fishing privileges within the Commonwealth's tidal waters and revoke, prohibit the issuance, reissuance, or renewal of any licenses if, after a hearing held after 10 days' notice to the applicant or licensee, it finds that the person has violated any provision of this subtitle.
>
> The duration of the revocation and prohibition shall be fixed by [VMRC] up to a maximum of two years with the withdrawal of all fishing privileges conferred by this title during that period, taking into account (i) evidence of repeated or habitual disregard for conservation, health and safety laws and regulations; (ii) abusive conduct and behavior toward officers; and (iii) the severity of any damage that has occurred, or might have occurred, to the natural resources, the public health, or the seafood industry.

In other words, all that Code § 28.2-232 requires for VMRC to revoke a person's fishing license and privileges is a finding that "the person has violated any provision of this subtitle." The second paragraph of the statute relates only to VMRC's decision regarding the appropriate *duration* of the revocation period. Id.

In this case, there plainly was substantial evidence in the record to support VMRC's finding that both Parker and Insley had violated a provision within the "Tidal Fisheries" subtitle—specifically, Code § 28.2-201; Code § 28.2-530; Code § 28.2-515; or Code § 28.2-517. Evidence of their convictions was presented to VMRC at the hearing. Neither Parker nor Insley disputed that they had been convicted. As explained above, the circuit court "may reject the agency's findings of fact *only if*, considering the record as a whole, *a reasonable mind would necessarily come to a different conclusion*." Johnston-Willis, Ltd., 6 Va. App. at 242, 369 S.E.2d at 7 (emphasis added). Here, there is no support for the proposition that a reasonable mind would come to a conclusion other than that Parker and Insley had violated one of the

- 4 -

provisions of the subtitle. Consequently, the circuit court erred in finding that VMRC's decision to revoke Parker's and Insley's fishing licenses and privileges was not supported by substantial evidence.

The second paragraph of Code § 28.2-232 dictates which factors VMRC must consider in determining the appropriate *duration* of any revocation of fishing licenses or privileges and sets the statutory maximum revocation period. However, "[a] statutory command to consider certain decision making factors does not mean the factfinder must assign 'measurable weight in the decisional process' to each factor or somehow quantify its impact on the final decision." Campbell v. Dep't of Forestry, 46 Va. App. 91, 103, 616 S.E.2d 33, 38-39 (2005) (quoting Owens v. Owens, 41 Va. App. 844, 860, 589 S.E.2d 488, 496 (2003)). "It means merely the factfinder 'cannot deem legally insignificant' what the statute 'declares to be significant.'" Id. at 103, 616 S.E.2d at 39 (quoting Owens, 41 Va. App. at 860, 589 S.E.2d at 496). An opposite principle applies when a statute requires a specific finding as a *precondition* to agency action. Id.

Code § 28.2-232 does not require that VMRC must affirmatively find evidence of any of the factors listed as a precondition to revoke an individual's fishing license and privileges. The precondition to VMRC's action to revoking licenses and fishing privileges is listed in the first paragraph of Code § 28.2-232—a finding that a person has "violated any provision" within the subtitle. Moreover, Code § 28.2-232 also does not require that VMRC must affirmatively find evidence of one or any of the factors listed in fixing the duration of any revocation period. All that is required in fixing the duration of the revocation period is that VMRC must consider evidence of those factors in making its determination and cannot exclude any of the factors as insignificant. See, e.g., Owens, 41 Va. App. at 859-60, 589 S.E.2d at 496 (holding that Code § 20-107.3(E) required the trial court only to *consider* the enumerated statutory factors in fixing

- 5 -

an equitable distribution award, and the court was only prohibited from failing to consider a factor altogether). Therefore, as long as VMRC considered the three factors listed in the statute in fixing the duration of the revocation period, VMRC's actions were not beyond its statutory discretion.

In this case, the circuit court held that it did not "think the evidence here substantially supports the action that the VMRC took" and that "the action is too draconian given the nature of the violations." The circuit court held that as to factor (i) the term repeatedly "means again and again," and "in legal terms, it means a course of conduct." Concluding that the evidence did not support a finding that Parker's or Insley's convictions rose to a "course of conduct," the circuit court held that the evidence did not support a finding that the licenses ought to have been revoked. However, the circuit court erred by ordering the reinstatement of appellees' fishing licenses and privileges because, as explained above, substantial evidence supported VMRC's finding that they had violated a provision of the subtitle given their undisputed convictions in general district court. Furthermore, the circuit court's observation that it thought the sanction "too draconian" was not an appropriate consideration in its review of the commission's judgment. Because the presumption of regularity is not rebutted by the evidence in the record and because there is affirmative evidence in the record that VMRC *considered* all three factors in fixing the duration of their punishment, the circuit court erred in finding that the sanction imposed by the VMRC was not substantially supported by the evidence.

Moreover, appellees' revocation period did not exceed the statutory maximum of two years. Absent extraordinary circumstances not present in this record, reviewing courts will not

- 6 -

judicially supersede an agency's decision to impose a penalty within the statutory limits.  See

Campbell, 46 Va. App. at 102, 616 S.E.2d at 38.[3]

In sum, we hold that the circuit court erred in finding that there was not substantial evidence in the record to support VMRC's decision to revoke Parker's and Insley's fishing licenses and privileges for the period of one year.

### B.  VMRC Did Not Retroactively Apply Code § 28.2-232 to Insley

Effective July 1, 2013, Code § 28.2-232 was amended to additionally allow VMRC to revoke "fishing privileges within the Commonwealth" as well as revoke fishing licenses.  Insley argues that because VMRC's March 24, 2014 decision to revoke his fishing privileges and license pursuant to Code § 28.2-232 was based in part on a conviction that occurred before the July 1, 2013 effective date of the amendment—his February 20, 2013 violation—VMRC erred by "retroactively" applying the amendment to Insley.

The United States Constitution and the Virginia Constitution prohibit the Commonwealth from enacting *ex post facto* laws.  That prohibition only extends to statutes that retroactively impose penalties or where a change in the law retroactively alters the definition of the penal conduct.  See Kitze v. Commonwealth, 23 Va. App. 213, 216, 475 S.E.2d 830, 832 (1996). "[T]he *ex post facto* inquiry focuses on 'the quantum of punishment attached to the crime' of which the defendant had notice at the time of the offense."  Evans v. Commonwealth, 228 Va. 468, 476-77, 323 S.E.2d 114, 118 (1984) (quoting Dobbert v. Florida, 432 U.S. 282, 294 (1977)). "'Critical to relief under the *Ex Post Facto* Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment

---

[3] Parker and Insley base a large portion of their argument on the fact that the penalty imposed was inconsistent with VMRC's recommended penalty guidelines.  However, as the Commonwealth points out, these guidelines are not mandatory and do not carry with them the force of the law.  Such documents are not intended to be a substitute for the statute.  See Jackson v. W., 14 Va. App. 391, 399, 419 S.E.2d 385, 389 (1992).

beyond what was prescribed when the crime was consummated.'" Id. (quoting Weaver v. Graham, 450 U.S. 24, 30 (1981)).

Assuming without deciding that a statute whose purpose is to revoke an individual's fishing license and privileges is sufficiently penal in nature to trigger the application of the *Ex Post Facto* Clause, Insley's argument still fails. See Smith v. Doe, 538 U.S. 84, 92 (2003) (holding that in an *ex post facto* inquiry, the Court must first "ascertain whether the legislature meant the statute to establish 'civil' proceedings," but "[i]f the intention of the legislature was to impose punishment, that ends the inquiry" and *ex post facto* concerns are applicable; "[i]f however, the intention was to enact a regulatory scheme that is civil and nonpunitive, we must further examine whether the statutory scheme is so punitive either in purpose or effect as to negate [the State's] intention to deem it civil" (citations omitted)). In this case, no *ex post facto* concerns are implicated because Insley's license and fishing privileges were revoked pursuant to Code § 28.2-232 based on conduct that occurred *after* the amendments. He had two violations of the subtitle that occurred *after* the amendments on September 4, 2013 and December 2, 2013. Accordingly, Insley was being *punished* for conduct that occurred after the change in the statute and he was therefore on notice of the potential "quantum of punishment" attached to the violation at the time it occurred.

In fixing the *duration* of the revocation period, VMRC was statutorily required to take into consideration "evidence of repeated or habitual disregard for conservation, health and safety laws and regulations." Insley's pre-amendment conduct, the February 20, 2013 violation, was only considered in determining the appropriate length of his penalty. That conduct was illegal at the time it occurred. Consideration of violations of other fishing laws that occurred before the amendments to Code § 28.2-232 but were still illegal at the time of the offender's conduct do not raise any more *ex post facto* concerns when considered only for fixing the duration of the penalty

than the consideration of a prior criminal record would in sentencing in a criminal case. See, e.g., United States v. Rodriquez, 553 U.S. 377, 385-86 (2008) ("When a defendant is given a higher sentence under a recidivism statute—or for that matter, when a sentencing judge, under a guidelines regime or a discretionary sentencing system, increases a sentence based on the defendant's criminal history—100% of the punishment is for the offense of conviction. None is for the prior convictions or the defendant's 'status as a recidivist.' The sentence 'is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because [it is] a repetitive one.'" (quoting Gryger v. Burke, 334 U.S. 728, 732 (1948))).

In sum, because VMRC's decision to revoke Insley's fishing license and privileges pursuant to Code § 28.2-232 was based on a violation of the subtitle that occurred after the amendments became effective, VMRC did not retroactively apply Code § 28.2-232 to Insley.

### C. The Circuit Court Did Not Err in Denying an Award of Attorney's Fees

Parker and Insley assign cross-error asserting that the circuit court erred by failed to award them attorney's fees. Specifically, they argue that an award of attorney's fees was mandatory under the law because they substantially prevailed and VMRC's position was not substantially justified. For the reasons explained above, VMRC's position is not only substantially justified, but also adequately supported by the law and the facts. Therefore, we hold that the circuit court did not err in declining to award Parker and Insley attorney's fees.

### III. CONCLUSION

For the reasons stated above, we reverse the circuit court's September 8, 2014 judgment and order in part. We affirm that portion of the judgment and orders of the circuit court denying attorney's fees to Parker and Insley and remand these cases to the circuit court and direct that it enter orders consistent with our decision.

Affirmed in part, reversed in part, and remanded.