COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges McCullough, Decker and Senior Judge Felton

PHILLIP S. POOL, LLC, t/a
 C & C MINI MARKET

                                                    MEMORANDUM OPINION*
v.      Record No. 1158-15-3                          PER CURIAM
                                                     DECEMBER 8, 2015

VIRGINIA ALCOHOLIC
 BEVERAGE CONTROL BOARD


           FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                     J. Leyburn Mosby, Jr., Judge

           (Joseph A. Sanzone; Sanzone & Baker, L.L.P., on brief), for
           appellant.

           (Mark R. Herring, Attorney General; Cynthia E. Hudson, Chief
           Deputy Attorney General; John W. Daniel II, Deputy Attorney
           General; Kristina Perry Stoney, Senior Assistant Attorney General;
           Michelle Welch, Assistant Attorney General, on brief), for appellee.


      Phillip S. Pool, LLC, t/a C & C Mini Market (appellant) appeals a final order of the circuit

court dismissing his petition for appeal of the decision by the Virginia Alcoholic Beverage Control

Board (the Board) to revoke his license to sell wine and beer off premises.  On appeal, appellant

contends the circuit court erred

           because there was not competent and substantial evidence in the
           record to support the finding of the ABC Board's Administrative
           Hearing Officer and the ABC Appeal Board Chairman, because the
           record did not show that the licensee knew or should have
           reasonably known that any item in his store was drug paraphernalia
           as defined in . . . Code . . . § 4.1-225[(1)(o)] or any similar related
           statute, and because there was not substantial evidence in the
           record to establish that any item sold in the store was drug
           paraphernalia.

---

      * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

We have reviewed the record, including the administrative hearings, the June 25, 2015 transcript of the circuit court hearing, and the circuit court's June 25, 2015 order. We find that this appeal is without merit.

> Upon judicial review of agency action in accordance with the Administrative Process Act, Code §§ 2.2-4000 *et seq.*, appellant bears the burden "to designate and demonstrate an error of law subject to review." Code § 2.2-4027. In this case, the issue is "the substantiality of the evidentiary support for findings of fact." Code § 2.2-4027(iv).

Hedleston v. Virginia Retirement Sys., 62 Va. App. 592, 596-97, 751 S.E.2d 1, 3 (2013).

Special Agent J. Keith Henderson conducted an inspection of C & C Mini Market. He found a cigar box located below the counter containing ten "kits" packaged in plastic baggies. The kits consisted of a "glass stem" containing a plastic flower and a piece of Chore Boy Scrubber. Henderson recognized the kits as something used to smoke drugs. Henderson asked the sales clerk what the items were, and she replied, "I think people use them to smoke drugs." She was unaware of another use for the items. The sales clerk also told Henderson that appellant, the President of C & C Mini Market, packaged the kits and "put the[m] there for sale."

Appellant testified the kits were "flower kits" used to hold flowers. He also stated a representative of a distributor of the kits told him, "What people decide to do with them is up to them." Appellant denied he packaged the kits. Appellant initially testified he had sold the kits for "many years" and this was the first time he had heard anything about them "being used for drugs." Appellant later testified he did not know who "put [the kits] together" and he was not aware that they were kept under the counter or that they were sold in the store.

The administrative hearing officer found appellant's testimony was "self-serving" and his explanation that the kits were used to hold real flowers was "implausible." The fact finder is not required to accept a party's evidence in its entirety, Barrett v. Commonwealth, 231 Va. 102, 107, 341 S.E.2d 190, 193 (1986), but is free to believe and disbelieve in part or in whole the

testimony of any witness, <u>Rollston v. Commonwealth</u>, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991).  The administrative hearing officer concluded appellant "reasonably should have known that the kits were designed or intended to be used for smoking illegal drugs."

Upon review of the record, we conclude that "the record before [the Board] contained 'substantial evidence . . . upon which the agency as the trier of the facts could reasonably find them to be as it did.'  Code § 2.2-4027."  <u>Hedleston</u>, 62 Va. App. at 599, 751 S.E.2d at 4.  Thus, the circuit court did not err in finding "[t]here was substantial evidence for the Board to rely on in suspending the license."  Accordingly, we affirm for the reasons stated by the circuit court in its final order.  <u>See</u> <u>Pool v. Virginia Alcoholic Beverage Control Bd.</u>, Case No. CL14000762-00 (June 25, 2015) (incorporating the circuit court's bench ruling).  We dispense with oral argument and summarily affirm because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.  <u>See</u> Code § 17.1-403; Rule 5A:27.

<u>Affirmed.</u>