RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 25a0029p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

JAVI PORTER,

*Petitioner,*

*v.*

PAMELA BONDI, Attorney General,

*Respondent.*

No. 24-3125

On Petition for Review from the Board of Immigration Appeals;
No. A 062 084 292.

Decided and Filed: January 24, 2025[*]

Before: THAPAR, NALBANDIAN, and DAVIS, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:** Fitzmore H. Harris, H. FITZMORE HARRIS, P.C., Bronx, New York, for Petitioner. Dana M. Camilleri, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

## OPINION

_____

DAVIS, Circuit Judge. The Immigration and Nationality Act ("INA") provides that any noncitizen who has been convicted of an aggravated felony is deportable. 8 U.S.C. § 1227(a)(2)(A)(iii). Aggravated felonies include "illicit trafficking in a controlled substance," *id.* § 1101(a)(43)(B), which, in turn, includes Controlled Substance Act ("CSA") offenses that

---

[*]This decision originally issued as an unpublished opinion on January 24, 2025. The court has now designated the opinion for publication.

are punishable by more than one year of imprisonment. *See* 18 U.S.C. §§ 924(c)(2), 3559(a)(1)–(5). A state drug-trafficking conviction qualifies as an aggravated felony if the state law "proscribes conduct punishable as a felony under [the CSA]." *Lopez v. Gonzales*, 549 U.S. 47, 60 (2006).

Petitioner Javi Porter's appeal turns on whether his Virginia drug-trafficking conviction is an aggravated felony under the INA. Porter had been a lawful permanent resident of the United States for roughly six years before he was convicted under Virginia law of possessing with intent to distribute methamphetamine. The Department of Homeland Security ("DHS") classified this conviction as an aggravated felony and initiated removal proceedings against Porter, which culminated in an order of removal. Porter seeks review of the final order of the Board of Immigration Appeals ("BIA" or "Board") in which the Board affirmed an immigration judge's ("IJ") denial of his motion to terminate removal proceedings and found him removable as an aggravated felon. We deny the petition for review.

I.

*Factual Background.* Porter is a native and citizen of Jamaica. In January 2015, he was admitted to the United States on an F-33 visa and granted lawful-permanent-resident status. A little over six years later, a Virginia grand jury indicted Porter for possession of more than two hundred grams of a mixture containing a detectable amount of methamphetamine with intent to distribute, in violation of Va. Code Ann. § 18.2-248. Porter accepted a plea agreement in which the Commonwealth agreed to strike from the indictment the language specifying the weight of the methamphetamine. He then pleaded no contest to an amended indictment which alleged that he "knowingly, intentionally, feloniously and unlawfully ha[d] in his possession a quantity of the Schedule II controlled substance Methamphetamine with intent to distribute said controlled substance" in violation of § 18.2-248. (AR 194, 211). Porter was convicted in the Circuit Court of the City of Roanoke, Virginia. He received a sentence of five years' imprisonment, with four years and three months of the sentence suspended and probation during the first two years of the suspended portion of the sentence.

*Procedural Background.* After this Virginia conviction, DHS issued a Notice to Appear ("NTA"), charging Porter as removable under INA § 237(a)(2)(A)(iii); 8 U.S.C. § 1227(a)(2)(A)(iii), because he was "convicted of an aggravated felony as defined in section 101(a)(43)(B) of the Act, a law relating to drug trafficking." (AR 265). Porter moved to terminate the removal proceedings under 8 C.F.R. § 1003.10(b) and § 1003.1(d)(1)(ii), arguing that the government could not show by clear and convincing evidence that his Virginia crime constituted an aggravated felony under the INA. DHS responded in opposition to the motion to terminate and, on the same day, served Porter's counsel with a Form I-261 adding a charge of removability under INA § 237(a)(2)(B)(i); 8 U.S.C. § 1227(a)(2)(B)(i) for having a conviction for a controlled substance offense.

*The IJ's Decision.* An IJ denied Porter's motion to terminate in a written order in which she concluded that DHS had met its "burden of proving that [Porter] was convicted of an aggravated felony by clear and convincing evidence." (AR 165). In the same order, the IJ sustained the charge of removability against Porter. (*Id.*) And the IJ denied Porter's subsequent motion for reconsideration. In the months that followed, the IJ held a removal hearing and issued an oral decision, finding Porter removable as charged in both the NTA and the Form I-261 and incorporating her prior written order which denied his motion to terminate removal proceedings. The IJ followed up with a June 29, 2023, final summary order finding Porter removable as charged in the NTA. The order also noted that Porter did not apply for relief from removal under 8 C.F.R. § 1240.11 and ordered Porter removed to Jamaica. Porter timely appealed to the BIA, arguing that the IJ erroneously denied his motion to terminate removal proceedings.[1]

*The BIA's Decision.* Applying de novo review and following guidance from *Descamps v. United States*, 570 U.S. 254, 268 (2013), the BIA affirmed the IJ's decision and ordered Porter removed to Jamaica. Citing its decision in *Matter of Dingus*, 28 I&N Dec. 529, 538 (BIA 2022), the BIA agreed with the IJ's conclusion that Va. Code Ann. § 18.2-248 is divisible by the identity of the controlled substance and applied the modified categorical approach to determine

---

[1]Porter also filed an interlocutory appeal from the IJ's April 27, 2023, written order. On August 9, 2023, the Board dismissed the appeal as moot because the IJ issued the final order of removal on June 29, 2023.

whether Porter's conviction was a felony offense under the CSA. Consistent with the IJ's decision, the BIA found that the controlled substance involved in Porter's offense was methamphetamine. The BIA observed that the CSA lists methamphetamine as a controlled substance in schedules II and III and that possession with intent to distribute any schedule II or III controlled substance carries maximum prison sentences of 20 years and 10 years, respectively, absent any aggravating factors. Given this statutory scheme, the BIA concluded that possession with intent to distribute *any* quantity of a schedule II or III controlled substance is a federal felony, regardless of weight. The BIA rejected Porter's argument to the contrary, noting that the five-gram threshold for methamphetamine in 21 U.S.C. § 841(b)(1)(B)(viii) merely enhances the sentence; it is not a minimum requirement for conviction. The BIA also rejected Porter's remaining arguments as unpersuasive.

The BIA concluded, "possession with the intent to distribute even less than 5 grams of methamphetamine nonetheless constitutes a federal felony." (AR 4). Therefore, DHS established by clear and convincing evidence that Porter's conviction involving an undetermined amount of methamphetamine was an aggravated felony that rendered him removable under 8 U.S.C. § 1227(a)(2)(A)(iii). As for DHS's additional charge of removability based on Porter's conviction for a controlled substance offense under § 1227(a)(2)(B)(i), the BIA concluded that it need not reach this additional ground since it found Porter removable as an aggravated felon under § 1227(a)(2)(A)(iii).

II.

We review de novo the purely legal question of whether a particular state conviction qualifies as an aggravated felony under the INA because this conclusion depends on interpreting state and federal statutes unrelated to immigration. *Saqr v. Holder*, 580 F.3d 414, 420 (6th Cir. 2009); *Tantchev v. Garland*, 46 F.4th 431, 434 (6th Cir. 2022) ("Whether a petitioner's conviction renders him removable under 8 U.S.C. § 1227(a)(2)(A)(iii) is a non-discretionary, purely legal question that this Court reviews de novo." (cleaned up)).

III.

On appeal, Porter reprises his argument that his Virginia drug-trafficking conviction is not an aggravated felony for purposes of the INA because his conviction was for an undetermined amount of methamphetamine and the CSA does not punish possession with intent to distribute an undetermined quantity of methamphetamine as a felony. Instead, says Porter, it punishes possession with intent to distribute five grams or more of methamphetamine as a felony. He also relies, in part, on this argument to assert that his Virginia conviction is not a categorical match to a felony under the CSA. But Porter's contention reflects a misapprehension of the CSA that undermines his argument that Va. Code Ann. § 18.2-248 and 21 U.S.C. § 841 are a statutory mismatch.

As we discussed at the outset, the term "aggravated felony," as used in the INA, encompasses "illicit trafficking in a controlled substance (as defined in section 802 of [the CSA]), including a drug trafficking crime (as defined in section 924(c) of title 18)." 8 U.S.C. § 1101(a)(43)(B). Reducing this definition to the components pertinent to Porter's appeal, the term "controlled substance" is defined as "a drug or other substance . . . included in schedule I, II, III, IV, or V of . . . this subchapter." 21 U.S.C. § 802(6). A "drug trafficking crime" under section 924(c) means "any felony punishable under the Controlled Substances Act," or two other statutes not relevant here. 18 U.S.C. § 924(c)(2). And a "felony" is an offense for which the "maximum term of imprisonment authorized is . . . more than one year." *Id.* § 3559(a)(5).

Foundationally, we address Porter's erroneous contention that possession with intent to distribute "an undetermined quantity" of methamphetamine is not punishable as a felony under the CSA. (ECF 8, Pet. Br. 23). To begin, section 841(a) of the CSA makes it unlawful "for any person knowingly or intentionally . . . to . . . possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841(a)(1). Methamphetamine is classified as either a schedule II or schedule III controlled substance, depending on its form. *Id.* § 812(c), Scheds. II(c), III(a)(3). And absent certain aggravating factors, the penalties for violating § 841(a) include a 20-year maximum sentence for convictions involving a schedule II controlled substance and a 10-year maximum sentence for those involving a schedule III controlled substance. *Id.* § 841(b)(1)(C), (b)(1)(E)(i). Hence, Porter's insistence that an offense involving

methamphetamine must meet the five-gram threshold in § 841(b)(1)(B)(viii) is misplaced. This threshold merely establishes the minimum drug amount for the next sentence category. And his assertion that "none of the relevant federal statutes contain a provision to punish violators for possession of an undetermined quantity of methamphetamine" is plainly wrong. (ECF 8, Pet. Br., 23). The knowing or intentional possession with intent to distribute *any* amount of methamphetamine—whether in the form listed in schedule II or III—is a felony punishable by more than one year's imprisonment under the CSA.

Porter, of course, was not convicted under the CSA. So we must determine whether Porter's specific state conviction is punishable as a felony under the CSA. In considering whether a state conviction meets the definition of an aggravated felony under the INA, we employ the familiar categorical approach "to determine whether the state offense is comparable to an offense listed in the INA." *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013). Under this approach, we do not look to the specific facts underlying the predicate offense. *Id.* Instead, we examine whether the state statute defining that offense "categorically fits within the 'generic' federal definition of a corresponding aggravated felony." *Id.* (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 186 (2007)). If the state statute at issue punishes conduct no broader than the conduct punished by a comparable federal crime, the two offenses are categorical matches. *See, e.g.*, *Descamps*, 570 U.S. at 261.

Additionally, when the statute of conviction defines multiple offenses, it is "divisible," and we apply the "modified" categorical approach. *Mathis v. United States*, 579 U.S. 500, 505 (2016). Under this approach, we "look[] to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Id.* at 505–06 (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005)). If the *Shepard* documents reveal which of the multiple offenses the defendant committed, we then proceed with the categorical approach in the usual way— meaning, we ask whether the state crime of conviction punishes conduct more broadly than its proposed federal equivalent. *See id.* at 506. Therefore, if Porter's Virginia drug-trafficking crime punishes no more conduct than the generic CSA felony offense discussed above, then he is removable as an aggravated felon.

As an initial matter, we agree with the parties and the BIA that Va. Code Ann. § 18.2-248 is divisible by the identity of the controlled substance and that the modified categorical approach applies. *Lewis v. Commonwealth*, 879 S.E.2d 918, 924 (Va. Ct. App. 2022). Porter asserts, however, that the statute is divisible not only by the identity of the controlled substance but also by the weight of the controlled substance and the punishment. In essence, Porter asks us to compare the Virginia statute in the abstract—and several of the crimes it encompasses—to the CSA, to determine if the conduct Virginia punishes is broader. But that is not how we apply the modified categorical approach. Rather, as discussed, we first identify the specific crime Porter was convicted of and then we compare that specific state offense to the comparable CSA offense.

Turning, then, to Porter's offense of conviction, Virginia law makes it "unlawful for any person to manufacture, sell, give, distribute, or possess with intent to manufacture, sell, give or distribute a controlled substance." Va. Code Ann. § 18.2-248(A). And controlled substances include "[a]ny substance which contains any quantity of methamphetamine, including its salts, isomers, and salts of isomers." Va. Code Ann. § 54.1-3448, Sched. II(3). While Va. Code Ann. § 18.2-248 contains multiple subparts, which define distinct offenses, and includes sentencing enhancements, Virginia law also defines a "general offense of possessing methamphetamine with the intent to distribute it under Code § 18.2-248." *Lewis*, 879 S.E.2d at 928; *see also Mason v. Commonwealth*, 770 S.E.2d 224, 229–31 (Va. Ct. App. 2015). Based on Porter's *Shepard* documents, he was convicted of this general offense.

Porter's *Shepard* documents reveal that he pleaded no contest to an amended indictment charging that he "knowingly, intentionally, feloniously and unlawfully ha[d] in his possession a quantity of the Schedule II controlled substance Methamphetamine with intent to distribute said controlled substance" in violation of "Virginia Code: 18.2-248." (AR 194, 211). The amended indictment specified no particular drug amount, but no such specification is necessary for our analysis of whether the Virginia law offers a categorical match to the generic crime of felony possession with intent to distribute a controlled substance under the CSA. Like the CSA, section 18.2-248(A) makes it a crime to possess with intent to distribute *any* amount of methamphetamine. *Lewis*, 879 S.E.2d at 928. And we know from both the indictment—which specifically alleged that Porter acted "feloniously"—and the sentencing documents—which

reveal a five-year partially suspended sentence—that Porter's conviction was for the felony version of the offense. *See* Va. Code Ann. § 18.2-248(C). Thus, the fact that the Virginia statute contains enhanced penalties for specific quantities of methamphetamine is of no moment; it mirrors 21 U.S.C. § 841(b)(1)(C), (b)(1)(E)(i) in that regard.

We can comfortably conclude that Porter's conviction was for the generic Virginia offense of possessing methamphetamine with the intent to distribute, irrespective of the weight. And comparing the generic Virginia offense to the generic CSA felony offense discussed above, we find that Porter's Virginia drug-trafficking crime punishes no more conduct than the CSA does. Moreover, as discussed, the CSA punishes Porter's convicted conduct by more than one year's imprisonment. *See Moncrieffe*, 569 U.S. at 188. Therefore, Porter's conviction under Va. Code Ann. § 18.2-248 is a categorical match to a felony offense under the CSA. And we agree with the BIA's conclusion that the record contains clear and convincing evidence that Porter was convicted of an aggravated felony, subjecting him to removal under 8 U.S.C. § 1227(a)(2)(A)(iii).

Porter's additional arguments to the contrary fail. First, Porter argues that his conviction cannot be classified as a felony because he was not charged with unlawful trading or dealing in a controlled substance, or, as he frames it elsewhere: he was not charged with the exchange of money. But such details are not necessary to prove that his conviction was an aggravated felony. As the BIA aptly observed, Porter is conflating the "illicit trafficking" prong of 8 U.S.C. § 1101(a)(43)(B), which can be shown through "unlawful trading or dealing," with the drug-trafficking-crime clause's separate requirements for an aggravated felony, "which requires only correlation to a felony under the CSA." (AR 5). "Unlawful trading or dealing" in a controlled substance is just one way to show illicit trafficking; it is not the only way. And it is not a requirement to show a drug trafficking crime as defined in section 924(c) of title 18. *See Garcia-Echaverria v. United States*, 376 F.3d 507, 512–13 (6th Cir. 2004) (explaining that under the "hypothetical federal felony" approach a state drug conviction is an aggravated felony if it would be punishable as a felony under the CSA). Nor does a conviction of possession with intent to distribute require financial remuneration; "sharing a controlled substance without compensation satisfies the substantive offense" of possession with intent to distribute under 21 U.S.C.

§ 841(a)(1). *United States v. Jackson*, 995 F.3d 476, 481 (6th Cir. 2021). As for Porter's argument that the Virginia statute also criminalizes personal-use amounts, our earlier conclusion that the CSA criminalizes possession with intent to distribute *any* amount of methamphetamine renders this point meaningless. Likewise, whether the Virginia statute encompasses misdemeanors is beside the point, as Porter's *Shepard* documents establish that his crime was the felony version of the offense under Virginia law.

Porter also renews his arguments that his conviction is not an aggravated felony because it could have been for an imitation controlled substance and because Virginia law includes chemical isomers not covered under federal law. Neither of these arguments help his cause. Porter's indictment and sentencing documents show that he was convicted of possession with intent to distribute *methamphetamine*, not an imitation substance. And by failing to raise the isomers issue before the IJ, Porter forfeited any argument based on purported differences between the chemical isomers of methamphetamine covered by each law. *See* 8 U.S.C. § 1252(d); *Santos-Zacaria v. Garland*, 598 U.S. 411, 417, 423 (2023); *Bains v. Garland*, No. 23-3208, 2024 WL 3950812, at *5 (6th Cir. Aug. 27, 2024) (as a claims-processing rule, petitioner forfeits argument raised for the first time on appeal to the BIA).

Even without his forfeiture at the administrative level, before us Porter has failed to develop this argument beyond the conclusory statement that his conviction is not an aggravated felony because "the definition of methamphetamine under Virginia law includes chemical isomers not covered under federal law." (ECF 8, Pet. Br., 43). And where, as here, issues are "'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation,' we consider them forfeited." *Buetenmiller v. Macomb Cnty. Jail*, 53 F.4th 939, 946 (6th Cir. 2022) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997)).

Porter also reprises in passing his argument that DHS did not prove removability by clear and convincing evidence and thus violated his due process rights. But this argument is dependent on accepting Porter's contention that the record does not establish that he was convicted of an aggravated felony. And because we have concluded that the record supports the IJ's and BIA's conclusions that Porter's conviction is an aggravated felony, we find no purchase in his claim that DHS failed its burden to present clear and convincing evidence.

Finally, Porter raises arguments that the IJ and BIA made several other errors that warrant remand.  For instance, he asserts that the IJ erred by inadequately addressing the additional I-261 removability charge; mistakenly referring to his "admissions and concessions" as grounds for removal; and misapplying the modified categorical approach.  And he claims the BIA erred when it deemed his chemical isomers argument waived; when it found the IJ's error in referring to his "admissions and concessions" harmless; and when it concluded that he was convicted of attempted delivery of methamphetamine instead of intent to distribute.  But since we conclude on de novo review that Porter's Virginia conviction is an aggravated felony under the INA that renders him removable and ineligible for discretionary relief, we need not address these additional arguments.  *See Moncrieffe*, 569 U.S. at 187 ("The INA . . . prohibits the Attorney General from granting discretionary relief from removal to an aggravated felon.").

IV.

We DENY Porter's petition for review.