COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Beales and AtLee
Argued at Richmond, Virginia

DOMINQUE JAMAR JONES, S/K/A
 DOMINIQUE JAMAR JONES

v.      Record No. 1504-17-2

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE ROBERT J. HUMPHREYS
DECEMBER 26, 2018

FROM THE CIRCUIT COURT OF HENRICO COUNTY
James S. Yoffy, Judge

John W. Parsons (Law Office of John W. Parsons, on brief), for
appellant.

Brittany A. Dunn-Pirio, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

This appeal essentially calls for us to ascertain the legislative intent of that portion of

Code § 18.2-248 with respect to the impact on the sentencing range of a prior conviction for a

similar offense as an accommodation.

Following a bench trial on May 31, 2017, the Circuit Court of Henrico County (the

"circuit court") convicted Dominque Jamar Jones, sometimes known as Dominique Jamar Jones

("Jones"), of multiple drug offenses.  Specifically, the circuit court convicted Jones of conspiracy

to distribute cocaine, in violation of Code §§ 18.2-248 and 18.2-256, possession with the intent

to distribute cocaine, in violation of Code § 18.2-248(C), and five counts of distributing a

Schedule I or II controlled substance, second offense, also in violation of Code § 18.2-248(C).

On August 15, 2017, the circuit court sentenced Jones to a total of seventy years of incarceration,

with fifty-five years suspended.  On appeal, Jones asserts the following assignment of error:

Mr. Jones assigns error to the trial court for admitting evidence of a prior accommodation conviction for purposes of sentencing enhancement for the convictions under under [sic] Va. Code § 18.2-248(c), and for concluding that the evidence sufficiently established the predicate offense for mandatory second offense sentences under that Code section, because an accommodation offense under 18.2-248(D) is not, by the express wording of § 18.2-248(c), a violation which triggers the enhanced sentencing provisions under § 18.2-248(c).

## I. BACKGROUND

The Henrico County Police Department performed five controlled drug buys targeting Jones. The police utilized two confidential informants to perform the controlled buys, which took place on various dates throughout September, October, and November 2016. The police followed the same procedure during each of the controlled buys, which all yielded cocaine from the informants.

During a controlled buy on November 14, 2016, one of the informants made a phone call to Gervais Jones, who told the informant to contact Jones for the drugs. Gervais Jones is Jones's brother.

On December 12, 2016, police executed a search warrant at Jones's home. During the search of the home, police recovered Jones's personal papers from the master bedroom, including court documents, income tax documents, and his birth certificate. Police also found a PayPal Mastercard with Jones's name on it. In the laundry room, police recovered a black digital scale with residue, plastic sandwich bags in a yellow bag that contained 13.3 grams of cocaine, a spoon, a magic marker, a two-ounce bottle of inositol powder,[1] and other plastic bags. The police also seized a total of $3,067 in cash from Jones's home.

---

[1] According to one of the detectives testifying on behalf of the Commonwealth, inositol powder is "commonly used as a cutting agent for powder cocaine."

- 2 -

On May 31, 2017, Jones appeared for trial on numerous drug charges. During the trial, Jones objected to the admission of an April 23, 2014 conviction for possession with intent to distribute cocaine as an accommodation.[2] The Commonwealth utilized Jones's prior accommodation conviction to support indictments for distributing a Schedule I or II controlled substance, second offense, in violation of Code § 18.2-248(C). While Jones did not object to the authenticity of the accommodation conviction, he objected to its admission and argued that it did not qualify as a predicate offense. Specifically, Jones's trial counsel stated:

> I will tell you, I realize my objection would be that was a qualifying and make this a second offense [sic]. I realize that the case law is an unpublished opinion that I have before the Court of Appeals indicates that it did. But for the purposes of the record, for purposes of appeal, I object. I don't believe an accommodation distribution qualifies as a distribution for a second offense, much like a conspiracy doesn't. And as a result of that, it's being introduced for the purpose of establishing that this is a second offense and that would be my objection.

Upon presentation of all of the evidence and argument, the circuit court found Jones guilty of all charges. At the sentencing hearing on August 15, 2017, the circuit court sentenced Jones to ten years of imprisonment, with seven years suspended, on each of the five distribution charges. The circuit court also sentenced Jones to ten years suspended on the conspiracy charge. Finally, the circuit court sentenced Jones to ten years of imprisonment, with five years suspended, on the possession with intent to distribute charge. On September 18, 2017, the circuit court entered the sentencing order. This appeal follows.[3]

---

[2] The circuit court admitted both Jones's prior conviction order and sentencing order into evidence. The conviction order is dated April 23, 2014. The sentencing order is dated August 25, 2014. Both clearly indicate that Jones was convicted of "possess[ion] with intent to distribute a Schedule II controlled substance, to wit: cocaine, as an accommodation[,]" in violation of Code § 18.2-248.

[3] In his brief to this Court, Jones notes that he objected to evidence of his prior accommodation conviction when it was offered and that the circuit court noted his objection. Jones asks that this Court invoke the exceptions under Rule 5A:18 if we conclude that his

## II. ANALYSIS

### A. Standard of Review

"An issue of statutory interpretation is a pure question of law which we review *de novo*." Williams v. Capital Hospice & Companion Prop. & Cas. Ins. Co., 66 Va. App. 161, 166-67 (2016) (quoting Ford Motor Co. v. Gordon, 281 Va. 543, 549 (2011)).

"The primary objective of statutory construction is to ascertain and give effect to legislative intent." Paduano v. Commonwealth, 64 Va. App. 173, 180 (2014) (quoting Commonwealth v. Zamani, 256 Va. 391, 395 (1998)). "That intent is usually self-evident from the words used in the statute. Consequently, courts apply the plain language of a statute unless the terms are ambiguous, or applying the plain language would lead to an absurd result." Hamilton v. Commonwealth, 61 Va. App. 542, 548 (2013) (quoting Commonwealth v. Barker, 275 Va. 529, 536 (2008)). Thus, we construe a statute "with reference to its subject matter, the object sought to be attained, and the legislative purpose in enacting it; the provisions should receive a construction that will render it harmonious with that purpose rather than one which will defeat it." Hines v. Commonwealth, 59 Va. App. 567, 573 (2012) (quoting Esteban v. Commonwealth, 266 Va. 605, 609 (2003)). Furthermore, "[a]lthough penal laws are to be construed strictly [against the Commonwealth], they ought not to be construed so strictly as to defeat the obvious intent of the legislature." Wright v. Commonwealth, 53 Va. App. 266, 279 (2009) (quoting Willis v. Commonwealth, 10 Va. App. 430, 441 (1990)).

---

objection was insufficient to preserve the issue on appeal. However, because Jones made a timely objection at the time the evidence was offered, we consider the issue preserved for appeal. See Cortez-Hernandez v. Commonwealth, 58 Va. App. 66, 75-76 (2011) (quoting Marlowe v. Commonwealth, 2 Va. App. 619, 621 (1986)). Further, the Commonwealth does not assert that Jones failed to preserve his objection.

B.  Predicate Offenses under Code § 18.2-248(C)

The Code of Virginia authorizes enhanced or mandatory minimum punishments for some

offenses based upon a defendant's subsequent conviction(s) of the same or other designated

offenses.  Code § 18.2-248(C) is such a statute.[4]  Specifically, Code § 18.2-248(C) provides that

a defendant may receive an enhanced punishment for distributing a Schedule I or II controlled

substance "[u]pon a *second conviction* of such a violation[.]"  (Emphasis added).[5]  However, this

Court has not yet determined whether a prior accommodation conviction under Code

§ 18.2-248(D) triggers the "second conviction" sentencing enhancement provisions of Code

§ 18.2-248(C).[6]

Jones argues that his prior accommodation conviction under Code § 18.2-248(D) is not a

violation which triggers the "second conviction" sentencing enhancement provisions of Code

§ 18.2-248(C).  Jones contends that the sentencing enhancement provisions, and specifically the

words "of such a violation," address the violation referred to in the previous or first sentence of

---

[4] In relevant part, Code § 18.2-248(C) states that

> any person who violates this section with respect to a controlled
> substance classified in Schedule I or II shall upon conviction be
> imprisoned for not less than five nor more than 40 years and fined
> not more than $ 500,000.  Upon a second conviction of such a
> violation, and it is alleged in the warrant, indictment, or
> information that the person has been before convicted of such an
> offense . . . , any such person may, in the discretion of the court or
> jury imposing the sentence, be sentenced to imprisonment for life
> or for any period not less than five years, three years of which shall
> be a mandatory minimum term of imprisonment to be served
> consecutively . . . .

[5] Code § 18.2-248(C) also provides for enhanced sentencing "[w]hen a person is
convicted of a third or subsequent offense" under the statute.

[6] This Court has previously only addressed the interplay between a prior conviction as an
accommodation under Code § 18.2-248(D) and the enhanced punishment language for a second
conviction under Code § 18.2-248(C) in an unpublished decision.  See Miller v. Commonwealth,
No. 1668-91-2, at *5 (Va. Ct. App. Mar. 30, 1993).

Code § 18.2-248(C)—one with a corresponding term of imprisonment of "not less than five nor more than 40 years." Jones notes, however, that his prior conviction for possession with intent to distribute as an accommodation was a Class 5 felony under Code § 18.2-248(D). That statute states:

> If such person proves that he gave, distributed or possessed with intent to give or distribute a controlled substance classified in Schedule I or II only as an accommodation to another individual who is not an inmate in a community correctional facility, local correctional facility or state correctional facility as defined in § 53.1-1 or in the custody of an employee thereof, and not with intent to profit thereby from any consideration received or expected nor to induce the recipient or intended recipient of the controlled substance to use or become addicted to or dependent upon such controlled substance, he shall be guilty of a Class 5 felony.

Code § 18.2-248(D). Pursuant to Code § 18.2-10, the authorized punishment for conviction of a Class 5 felony includes a term of imprisonment of "not less than one year nor more than ten years[.]" Code § 18.2-10(e).

Seizing upon this so-called sentencing discrepancy between Code § 18.2-248(C) and (D), Jones argues that Code § 18.2-248(C) requires proof of a previous conviction for possessing or distributing a Schedule I or II controlled substance where the sentencing range is "not less than five nor more than 40 years." However, because Jones's prior accommodation conviction constituted a Class 5 felony punishable by a term of imprisonment for only one to ten years, Jones contends that "[t]he accommodation subsection stands separate and apart and does not implicate . . . [Code] § 18.2-248(C)." Accordingly, Jones asks that this Court remand his case for resentencing.

Applying well-established principles of statutory interpretation, we disagree with Jones's construction of the statute and hold that *any* prior conviction of an offense under Code § 18.2-248, including a conviction as an accommodation under Code § 18.2-248(D), triggers the

- 6 -

enhanced punishment provisions of Code § 18.2-248(C). A plain reading of the statute requires this result. The first sentence of Code § 18.2-248(C) states that "*[e]xcept as provided in subsection C1*, any person who *violates this section* with respect to a controlled substance classified in Schedule I or II shall upon conviction be imprisoned for not less than five nor more than 40 years and fined not more than $ 500,000." (Emphasis added). By explicitly referencing the statute's single exception in the first clause, the General Assembly clearly intended for the remainder of the statute to be read in concert. See Mason v. Commonwealth, 64 Va. App. 599, 606-07 (2015) ("[I]t is our 'duty . . . to interpret the several parts of a statute as a consistent and harmonious whole so as to effectuate the legislative goal.'" (citation omitted)).

Additionally, as the above quoted language of Code § 18.2-248(C) makes clear, the General Assembly has differentiated between a section and a subsection in this statute and by the express terms of Code § 18.2-248(C), enhanced punishment applies to a previous conviction "of such a violation," clearly referring back to the phrase "violates this section" in the first sentence, i.e., a violation of Code § 18.2-248. Moreover, as Jones conceded at oral argument, the sole effect of the accommodation language in Code § 18.2-248(D) only serves as what amounts to a partial affirmative defense to mitigate the punishment for the crime of distribution of a controlled substance. It is not a separate offense requiring that the Commonwealth prove different elements. See Stillwell v. Commonwealth, 219 Va. 214, 222 (1978) ("[Code § 18.2-248], in our view, creates only a single offense, that being the unlawful manufacture, sale, transfer or distribution, or possession with the intent to manufacture, sell, give, distribute or possess certain controlled drugs. The provisions of [Code § 18.2-248(D)], which deal with the reduced penalty contingent upon proof of an accommodation gift, distribution or possession of [a controlled substance] operate only to mitigate the degree of criminality or punishment, rather than to create two different substantive offenses[.]").

Accordingly, we reject Jones's argument that the "of such a violation" language only allows the enhanced punishment of Code § 18.2-248 *if* such conviction had the specific penalty as described in Code 18.2-248(C): five to forty years, and a fine of no more than $500,000. A plain reading of the statute indicates that any previous conviction under Code § 18.2-248 is sufficient to trigger the enhanced punishment of Code § 18.2-248(C). Finally, concluding that the "second conviction" sentencing enhancement provisions of Code § 18.2-248(C) refer only to convictions where the sentencing range is "not less than five nor more than 40 years" would render the statute internally inconsistent with the remainder of the statute and yield an absurd result. See Cook v. Commonwealth, 268 Va. 111, 116 (2004) (noting that Virginia "case law uses the phrase 'absurd result' to describe situations in which the law would be internally inconsistent or otherwise incapable of operation").

III.  CONCLUSION

It follows that because Jones previously violated Code § 18.2-248, albeit that he did so as an accommodation under Code § 18.2-248(D), the circuit court was correct in considering that prior conviction in sentencing Jones pursuant to the enhanced punishment provisions of Code § 18.2-248(C).

Affirmed.