**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1292**

GUSTAVO CUCALON,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

**No. 18-2206**

GUSTAVO CUCALON,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

On Petitions for Review of an Order of the Board of Immigration Appeals.

Argued: October 30, 2019                    Decided: May 7, 2020

Before GREGORY, Chief Judge, and KEENAN and RICHARDSON, Circuit Judges.

Petitions for review denied by published opinion. Judge Keenan wrote the opinion, in which Chief Judge Gregory and Judge Richardson concurred.

———————————

**ARGUED:** Benjamin James Osorio, MURRAY OSORIO PLLC, Fairfax, Virginia, for Petitioner. Melissa K. Lott, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. **ON BRIEF:** Mark Stevens, MURRAY OSORIO PLLC, Fairfax, Virginia, for Petitioner. Joseph H. Hunt, Assistant Attorney General, Keith I. McManus, Assistant Director, Jessica E. Burns, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————————

BARBARA MILANO KEENAN, Circuit Judge:

Gustavo Cucalon, a native and citizen of Nicaragua, petitions for review of a final order of removal issued by the Board of Immigration Appeals (BIA). The BIA concluded that Cucalon's conviction in 2006 for distribution of cocaine as an accommodation, in violation of Virginia Code § 18.2-248(D), rendered him removable as an alien convicted of an "aggravated felony," and as an alien convicted of a crime "relating to a controlled substance." *See* 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1227(a)(2)(B)(i). In Cucalon's view, because Virginia prohibits the distribution of more substances than those prohibited under federal law, a conviction under Virginia Code § 18.2-248 does not categorically qualify as an "aggravated felony" or as a crime "relating to a controlled substance" under the Immigration and Nationality Act (INA), 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1227(a)(2)(B)(i).

Upon our review, we conclude that Virginia Code § 18.2-248 is divisible by prohibited substance. Applying the modified categorical approach, we hold that distribution of cocaine under Virginia Code § 18.2-248, including distribution of that substance as an accommodation under Virginia Code § 18.2-248(D), satisfies the federal definitions of an "aggravated felony" and of a crime "relating to a controlled substance." We also conclude that the BIA did not abuse its discretion in denying Cucalon's motion to reconsider. We therefore deny Cucalon's petitions for review.

I.

Cucalon has been a lawful permanent resident of the United States since 1987. He was convicted in 2006 of distribution of cocaine as an accommodation, in violation of

3

Virginia Code § 18.2-248(D). In 2017, the Department of Homeland Security charged Cucalon with removability on two grounds: (1) as an alien convicted of an aggravated felony, pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii); and (2) as an alien convicted of a crime relating to a controlled substance, pursuant to 8 U.S.C. § 1227(a)(2)(B)(i).

Cucalon moved to terminate his removal proceedings, asserting that his conviction under Virginia Code § 18.2-248 did not qualify as an aggravated felony or as a crime relating to a controlled substance. The immigration judge (IJ) applied the modified categorical approach set forth in *Descamps v. United States*, 133 S. Ct. 2276 (2013), to both grounds of removability, and found that Cucalon was removable as charged. The BIA applied a different analysis to the aggravated felony ground, but ultimately affirmed the IJ's order of removal with respect to both grounds of removability. Cucalon later filed a petition for review with this Court.

Two days before filing his petition for review, Cucalon filed a motion for reconsideration with the BIA, asserting several new arguments and offering new evidence not presented in his initial administrative appeal. The BIA found that Cucalon had waived these arguments by failing to present them in a timely manner and that, in any event, the new issues lacked merit. Cucalon filed a second petition for review in this Court, challenging the BIA's denial of his motion to reconsider. We consolidated the two petitions.

II.

4

Cucalon challenges the BIA's determination that his conviction under Virginia Code § 18.2-248 rendered him removable as an aggravated felon and as an alien convicted of a crime relating to a controlled substance. He argues that because the Virginia statute prohibits distribution of a wider range of substances than prohibited under federal law, his conviction does not qualify under the INA as an aggravated felony, here, a drug trafficking crime, or as a crime relating to a controlled substance. 8 U.S.C. §§ 1101(a)(43)(B), 1227(a)(2)(A)(iii), 1227(a)(2)(B)(i). Cucalon also argues that the Virginia statute is not divisible by prohibited substance and that, therefore, we should not apply the modified categorical approach. We disagree with Cucalon's arguments.

A.

In general, we lack jurisdiction to review an order of removal based on an alien's conviction of an aggravated felony or of a crime relating to a controlled substance. *See* 8 U.S.C. § 1252(a)(2)(C); *Larios-Reyes v. Lynch*, 843 F.3d 146, 152 (4th Cir. 2016). We nevertheless have jurisdiction to review constitutional claims and questions of law, including the question whether an alien's conviction qualifies under either or both these categories of removable offenses. 8 U.S.C. § 1252(a)(2)(D); *Larios-Reyes*, 843 F.3d at 152. We review this legal issue de novo. *Guevara-Solorzano v. Sessions*, 891 F.3d 125, 131 (4th Cir. 2018); *Castillo v. Holder*, 776 F.3d 262, 267 (4th Cir. 2015). When, as here, the BIA has not adopted the reasoning of the IJ, we confine our review to the opinion of the BIA. *Martinez v. Holder*, 740 F.3d 902, 908 (4th Cir. 2014).

The BIA concluded that Cucalon's Virginia drug conviction rendered him removable on the two separate grounds. The first ground subjects an alien to removal if he

5

is convicted of violating a state law "relating to a controlled substance," as that term is defined in 21 U.S.C. § 802. *See* 8 U.S.C. § 1227(a)(2)(B)(i). Section 802 defines the term "controlled substance" to include substances listed in one of the five federal drug schedules. 21 U.S.C. §§ 802(6), 812; *see Mellouli v. Lynch*, 135 S. Ct. 1980, 1991 (2015) ("[T]o trigger removal under § 1227(a)(2)(B)(i), the Government must connect an element of the alien's conviction to a drug defined in § 802." (internal brackets and quotation marks omitted)).

The BIA also held that Cucalon was removable on the additional ground of being an aggravated felon under 8 U.S.C. § 1227(a)(2)(A)(iii), because his Virginia conviction constituted a drug trafficking crime, one category of aggravated felonies set forth in the INA, *id.* § 1101(a)(43)(B).[1] Federal law defines the term "drug trafficking crime" to include "any felony punishable under the Controlled Substances Act," such as the knowing or intentional distribution of a controlled substance listed in the federal schedules. 18 U.S.C. § 924(c)(2); 21 U.S.C. §§ 812, 841(a). Cocaine is included as a controlled substance on federal Schedule II. 21 U.S.C. § 812.

To determine whether a state offense constitutes a drug trafficking crime or a crime relating to a controlled substance under the INA, we generally apply a categorical approach. *Castillo*, 776 F.3d at 267. Under this framework, we compare the federal definitions of "drug trafficking crime" and crime "relating to a controlled substance" to the

---

[1] Notably, certain aliens who are removable as aggravated felons are not eligible to apply for cancellation of removal pursuant to 8 U.S.C. § 1229b(a), a form of relief Cucalon otherwise would seek.

6

elements of the relevant state offense. *Id.* If the elements of the state offense "correspond in substance to the elements" of the federal definition, without consideration of the individual's underlying conduct, the state conviction is a categorical "match" to the federal definition. *United States v. Dozier*, 848 F.3d 180, 183 (4th Cir. 2017) (citation, internal quotation marks, and brackets omitted). However, when a state statute governs a "broader swath of conduct" than the federal definition, the state and federal definitions are not a categorical match. *Descamps*, 570 U.S. at 258.

In limited circumstances, we apply the "modified categorical approach." *Id.* at 257. We use this approach only when a statute is divisible, that is, the statute lists multiple elements in the alternative, and at least one of the resulting crimes is a categorical match to the federal definition. *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016); *United States v. Furlow*, 928 F.3d 311, 318 (4th Cir. 2019). Elements of a crime are the "constituent parts of a crime's legal definition . . . [that] the jury must find beyond a reasonable doubt." *Mathis*, 136 S. Ct. at 2248 (citation and internal quotation marks omitted). In contrast to a listing of alternative elements, if a statute lists only "various factual *means* of committing a single element," the statute is indivisible, and the categorical approach applies. *Id.* at 2248-49 (emphasis added).

When analyzing a divisible statute, the modified categorical approach enables us to review "a limited class of documents . . . to determine what crime, with what elements," formed the basis of a defendant's conviction. *Id.* at 2249. These documents include the charging document, the plea agreement or the transcript of the plea colloquy, and any jury instructions given. *Shepard v. United States*, 544 U.S. 13, 16 (2005); *Taylor v. United*

*States*, 495 U.S. 575, 602 (1990). Once we have determined the elements of the crime of conviction, we evaluate whether those elements match the federal definitions of a crime "relating to a controlled substance" and "drug trafficking crime." *Mathis*, 136 S. Ct. at 2256; *Furlow*, 928 F.3d at 319.

B.

In the present case, because both grounds of removability incorporate the same federal drug schedules, our analysis of Cucalon's Virginia conviction applies equally to both grounds. In Virginia, cocaine is listed on Schedule II, one of the six schedules of controlled substances set forth in the Virginia Code. Va. Code §§ 54.1-3445 through 54.1-3455. As noted above, Cucalon was convicted of distribution of cocaine as an accommodation, in violation of Virginia Code § 18.2-248(D).

Subsection (A) of the Virginia statute sets forth the primary prohibited conduct, namely, that it is "unlawful for any person to manufacture, sell, give, distribute, or possess with intent to manufacture, sell, give or distribute a controlled substance or an imitation controlled substance." Va. Code § 18.2-248(A). Subsection (D) of Virginia Code § 18.2-248, under which Cucalon was convicted, clarifies that a defendant is guilty of a Class 5 felony if he engages in certain drug activity "only as an accommodation to another individual" and without the intent to profit or to induce the other person to become addicted to the prohibited substance. Va. Code § 18.2-248(D).

Under Virginia law, "the sole effect of the accommodation language" in Subsection (D) is to establish "a partial affirmative defense to mitigate the punishment for the crime of distribution of a controlled substance." *Jones v. Commonwealth*, 822 S.E.2d 19, 23 (Va.

Ct. App. 2018). Accordingly, distribution as an accommodation "is not a separate offense requiring that the Commonwealth prove different elements." *Id.* Our divisibility analysis thus focuses on the comprehensive crime of "distribution of cocaine" under Virginia Code § 18.2-248.

As an initial matter, we agree with the parties that Virginia Code § 18.2-248 is categorically overbroad, because Virginia includes on its controlled substance schedules at least one substance not listed on the federal schedules. Thus, if the Virginia statute were indivisible, Cucalon's conviction would not qualify as a crime relating to a controlled substance or as a drug trafficking crime under the INA. *Cf. Furlow*, 928 F.3d at 319. We therefore proceed to consider whether the Virginia statute is divisible by substance, requiring that the specific substance be proved beyond a reasonable doubt as an element of the state offense.

We begin with the text of Virginia Code § 18.2-248. As noted above, the statute prohibits distribution of "a controlled substance," defining the term "controlled substance" in schedules located elsewhere in the Code. Section 18.2-248 does not specify whether substances on the schedules are elements of the related offenses. *See Mathis*, 136 S. Ct. at 2256. It nevertheless is apparent that the controlled substances listed on the schedules are not merely "illustrative examples" of factual means of committing the crime of distribution of a controlled substance. *Id.* (citation omitted). Rather, the substances listed in the six Virginia schedules constitute the entire universe of controlled substances covered by Virginia Code § 18.2-248. This fact strongly suggests that the substances are elements of the crime, not merely means of commission. *See Mathis*, 136 S. Ct. at 2256.

9

With this textual background in mind, we turn to consider whether Virginia's courts have "definitively answer[ed] the question" of divisibility, by holding that the identity of a prohibited substance is an element of Virginia Code § 18.2-248. *Id.* Decisions of Virginia's appellate courts compel the conclusion that Virginia Code § 18.2-248 is divisible by substance.

In *Cypress v. Commonwealth*, 699 S.E.2d 206 (Va. 2010), the Supreme Court of Virginia directly answered the question whether the identity of a controlled substance is an element of Virginia Code § 18.2-248. The issue before the court involved the admission of a laboratory analysis report into evidence in the absence of testimony of the forensic analyst who had prepared the report. 699 S.E.2d at 213. Acknowledging that a violation of the Confrontation Clause had occurred, the court nevertheless held that the error was harmless. *Id.* In reaching this conclusion, the court reasoned that "the nature and amount of the confiscated substance were elements of" Virginia Code § 18.2-248, and that, therefore, the state was required to prove these elements beyond a reasonable doubt. *Id.* The court ultimately based its conclusion of harmless error on the fact that there was overwhelming evidence presented at trial regarding "the identity of the substance," *id.* at 214 (citation omitted), and that "the evidence proved beyond a reasonable doubt that the substance seized . . . was cocaine[.]" *Id.* Thus, under the court's decision in *Cypress*, Virginia Code § 18.2-248 requires proof of the identity of the prohibited substance as an element of the offense.

We also observe that we recently considered the divisibility of Virginia Code § 18.2-250, the section governing possession of controlled substances (the possession statute), a

10

lesser included offense of Virginia Code § 18.2-248. *See Bah v. Barr*, 950 F.3d 203 (4th Cir. 2020); *see also Austin v. Commonwealth*, 531 S.E.2d 637, 639 (Va. Ct. App. 2000) (Virginia Code § 18.2-250 is lesser included offense of Section 18.2-248). Like the distribution statute at issue in this case, the possession statute also defines the listed offenses by reference to the controlled substance schedules in Virginia Code §§ 54.1-3445 through 54.1-3455. And like Cucalon, Bah argued that the possession statute was indivisible by substance and, thus, that his Virginia conviction was not a crime relating to a controlled substance under the INA. *Bah*, 950 F.3d at 207-08.

We held in *Bah* that the Virginia possession statute is divisible by substance. *Id.* at 210. In reaching this conclusion, we relied on the decision of the Court of Appeals of Virginia in *Sierra v. Commonwealth*, 722 S.E.2d 656, 660 (Va. Ct. App. 2012), which held that "[t]he specific type of substance found in a defendant's possession is an *actus reus element the Commonwealth must prove*." *Id.* (emphasis added); *see also Bah*, 950 F.3d at 208. Virginia Code § 18.2-248 similarly prohibits distribution of "*a* controlled substance" (emphasis added), confirming that distribution of each substance listed on the Virginia schedules "goes toward a separate crime." *Mathis*, 136 S. Ct. at 2257.

Because possession of a controlled substance under Virginia Code § 18.2-250 is a lesser included offense of distribution of that substance under Section 18.2-248, our reasoning regarding the divisibility of the controlled substance possessed applies with

11

equal force to the distribution of a particular controlled substance.[2]  *See Kauffmann v. Commonwealth*, 382 S.E.2d 279, 283 (Va. Ct. App. 1989) ("A lesser included offense is an offense which is composed entirely of elements that are also elements of the greater offense.").  We thus follow the divisibility analysis employed in *Bah* to conclude that the identity of the prohibited substance is an element of Virginia Code § 18.2-248.

The manner in which Virginia juries are charged further supports our holding that Virginia Code § 18.2-248 is divisible by prohibited substance.  *See United States v. Cornette*, 932 F.3d 204, 212 (4th Cir. 2019).  Virginia juries are instructed that they must find beyond a reasonable doubt that the defendant distributed the specific drug charged under Virginia Code § 18.2-248.  The relevant Model Jury Instruction provides as follows:

> The defendant is charged with the crime of distributing (name of drug) which is a Schedule [I; II] controlled substance. The Commonwealth must prove beyond a reasonable doubt that the defendant distributed (name of drug).
>
> If you find from the evidence that the Commonwealth has proved beyond a reasonable doubt that the defendant distributed (name of drug), then you shall find the defendant guilty but you shall not fix the punishment until your verdict has been returned and further evidence has been heard by you.
>
> If you find that the Commonwealth has failed to prove beyond a reasonable doubt that the defendant distributed (name of drug), then you shall find the defendant not guilty.

Va. Model Jury Inst. Crim. No. 22.240 (Sept. 2018).

---

[2] We note that we are able to look at the reasoning of *Bah*, which deals with Section 18.2-250, a lesser included offense of Section 18.2-248, because the divisibility analysis in the present case involves the comprehensive crime of distribution of cocaine under Virginia Code § 18.2-248.

Accordingly, from this examination of Virginia law, we conclude that the identity of the prohibited substance is an element of Virginia Code § 18.2-248 and that the statute is divisible on that basis. *See United States v. Vanoy*, --- F.3d --- , No. 18-3165, 2020 WL 1982212, at *2 (8th Cir. 2020) (holding that Virginia Code § 18.2-248 is divisible by substance). Notably, several of our sister circuits have reached the same conclusion with respect to other state drug laws, holding that those statutes are divisible and, thus, are subject to the modified categorical approach. *See, e.g.*, *Rendon v. Barr*, 952 F.3d 963, 968 (8th Cir. 2020) (Minnesota); *Guillen v. U.S. Att'y Gen.*, 910 F.3d 1174, 1176 (11th Cir. 2018) (Florida); *Raja v. Sessions*, 900 F.3d 823, 829 (6th Cir. 2018) (Pennsylvania); *Martinez v. Sessions*, 893 F.3d 1067, 1073 (8th Cir. 2018) (Missouri); *United States v. Martinez-Lopez*, 864 F.3d 1034, 1037 (9th Cir. 2017) (en banc) (California). *But see Najera-Rodriguez v. Barr*, 926 F.3d 343, 347 (7th Cir. 2019) (Illinois statute indivisible by substance); *Harbin v. Sessions*, 860 F.3d 58, 68 (2d Cir. 2017) (New York statute indivisible by substance).

Applying the modified categorical approach, we look to certain records from Cucalon's state court case to determine which offense formed the basis of his conviction for violating Virginia Code § 18.2-248. *See Shepard*, 544 U.S. at 16-17 (explaining acceptable documents). Cucalon's indictment specifies that he was charged with distribution of cocaine as an accommodation, and he later pleaded guilty to the offense "as charged." Because cocaine is listed as a Schedule II controlled substance under federal law, we conclude that Cucalon's conviction for distribution of cocaine as an accommodation qualifies both as a crime "relating to a controlled substance" and as a "drug

13

trafficking crime," as defined in the INA. 8 U.S.C. §§ 1101(a)(43)(B), 1227(a)(2)(A)(iii), 1227(a)(2)(B)(i); 18 U.S.C. § 924(c)(2); 21 U.S.C. § 812. We therefore hold that the BIA did not err in finding Cucalon removable on these grounds.[3]

### III.

Finally, Cucalon challenges the BIA's denial of his motion to reconsider, which we review for abuse of discretion. *Narine v. Holder*, 559 F.3d 246, 249 (4th Cir. 2009); *see also* 8 C.F.R. § 1003.2(a). The BIA abuses its discretion if it "act[s] arbitrarily, irrationally, or contrary to law." *Narine*, 559 F.3d at 249 (citation omitted).

In his motion to reconsider, Cucalon asserted new arguments that he had not properly raised before the IJ or the BIA. In particular, he argued that Virginia Code § 18.2-248 is overbroad on three additional bases: 1) the mens rea requirement for conviction under the state statute, 2) the alleged discrepancy between cocaine isomers covered under the Virginia schedule and the federal schedule, and 3) the scope of accomplice liability under Virginia law. He also offered evidence of Virginia indictments that he alleged supported his argument that Virginia Code § 18.2-248 is not divisible by substance.

The BIA denied Cucalon's motion to reconsider, because he had failed to raise these arguments or present the additional evidence in a timely manner. The BIA further held

---

[3] The BIA erroneously applied the categorical approach in determining that Cucalon's Virginia conviction qualified as an aggravated felony. We nevertheless need not, and do not, remand to the BIA to reconsider this issue pursuant to *SEC v. Chenery Corp.*, 318 U.S. 80 (1943). The divisibility of Virginia Code § 18.2-248 is a pure question of law subject to de novo review by this Court. *See Guevara-Solorzano*, 891 F.3d at 134; *Yanez-Marquez v. Lynch*, 789 F.3d 434, 461 n.14 (4th Cir. 2015).

14

that, even if these issues had been properly preserved, they lacked merit. In his petition for review, Cucalon does not contend that the BIA abused its discretion in finding these issues waived, but merely reasserts the merits of his three untimely arguments and the new evidence that he tendered.

We conclude that the BIA did not abuse its discretion in finding that Cucalon's new arguments were waived, and that his request to present the additional evidence of other Virginia indictments was untimely. *See Martinez-Lopez v. Holder*, 704 F.3d 169, 172 (1st Cir. 2013) (affirming "the BIA's exercise of its discretion to deny reconsideration based on grounds previously available but not previously asserted"). And, even if not waived, we agree with the BIA that these arguments and additional evidence would not change our conclusion that Virginia Code § 18.2-248 is divisible by substance and, therefore, is subject to examination under the modified categorical approach. Accordingly, because the BIA correctly determined that Cucalon was removable as charged, we conclude that the BIA did not abuse its discretion in denying Cucalon's motion to reconsider.

IV.

For these reasons, we deny Cucalon's petitions for review.

*PETITIONS FOR REVIEW DENIED*

15