UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Russell, Athey and Senior Judge Frank

MARQUELL LAMONT BAILEY, S/K/A
  MARQUEL LAMONT BAILEY

MEMORANDUM OPINION*
v.      Record No. 0741-21-1          JUDGE ROBERT P. FRANK
                                      MARCH 1, 2022
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Bryant L. Sugg, Judge

(Joshua A. Goff; Goff Voltin, PLLC, on brief), for appellant.
Appellant submitting on brief.

(Mark R. Herring, Attorney General[1]; Susan Brock Wosk, Assistant
Attorney General, on brief), for appellee. Appellee submitting on
brief.

Following a bench trial, the Circuit Court of the City of Newport News convicted

appellant of possession with the intent to distribute heroin and fentanyl, second offense, in

violation of Code § 18.2-248(C). The statute provides for enhanced penalties upon conviction

for a second offense, including a three-year mandatory minimum sentence. The trial court

sentenced appellant to ten years of incarceration with five years suspended. Appellant

challenges the sufficiency of the evidence to sustain his conviction, arguing that the trial court

erred in finding that his prior conviction for possession with the intent to distribute imitation

cocaine qualified as a predicate offense triggering the statutory enhanced penalties. For the

reasons that follow, we affirm the trial court's judgment.[2]

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Jason S. Miyares succeeded Mark R. Herring as Attorney General on January 15, 2022.

[2] Both parties waived oral argument.

BACKGROUND

The facts of appellant's possession are not necessary for this analysis since he does not contest possession of a controlled substance first offense. Without objection, the Commonwealth introduced a certified copy of appellant's 2001 conviction of possession with the intent to distribute imitation cocaine.

Following the conclusion of the Commonwealth's evidence, appellant moved to strike, arguing that his 2001 conviction for possession with the intent to distribute imitation cocaine did not qualify as a predicate first offense necessary to trigger "the enhanced penalty [for] a second offense" conviction. Appellant asserted that "this offense and the conviction from 2001 are not substantially similar. They're not punished the same. They're totally different crimes." The trial court overruled the motion to strike, after which appellant declined to present evidence and renewed his previous motion on the same grounds. The trial court denied the renewed motion to strike and convicted appellant of possession with the intent to distribute heroin and fentanyl, second offense. This appeal follows.

ANALYSIS

Appellant argues that the Commonwealth's evidence sufficed "at most" to prove that he "committed a first offense of possession with the intent to distribute a Schedule I or II controlled substance." He asserts that Code § 18.2-248 treats possession with the intent to distribute an imitation controlled substance, versus an actual controlled substance, as an "entirely different and lesser crime." Therefore, appellant contends the trial court erroneously concluded that his prior conviction for possession with the intent to distribute imitation cocaine qualified as a predicate offense triggering the "second offense" sentencing enhancement provisions of Code § 18.2-248(C). We disagree with appellant.

While appellant frames his argument as one of sufficiency of the evidence, the proper analysis is one of statutory interpretation. "An issue of statutory interpretation is a pure question of law which [the appellate court] review[s] *de novo*." *Jones v. Commonwealth*, 69 Va. App. 582, 586 (2018) (quoting *Williams v. Capital Hospice & Companion Prop. & Cas. Ins. Co.*, 66 Va. App. 161, 166-67 (2016)). "The primary objective of statutory construction is to ascertain and give effect to legislative intent." *Id.* at 587 (quoting *Paduano v. Commonwealth*, 64 Va. App. 173, 180 (2014)). Thus, a statute must be construed "with reference to its subject matter, the object sought to be attained, and the legislative purpose in enacting it; the provisions should receive a construction that will render it harmonious with that purpose rather than one which will defeat it." *Id.* (quoting *Hines v. Commonwealth*, 59 Va. App. 567, 573 (2012)). "Furthermore, '[a]lthough penal laws are to be construed strictly [against the Commonwealth], they ought not to be construed so strictly as to defeat the obvious intent of the legislature.'" *Id.* (alteration in original) (quoting *Wright v. Commonwealth*, 53 Va. App. 266, 279 (2009)).

Code § 18.2-248(A) provides that "it shall be unlawful for any person to manufacture, sell, give, distribute, or possess with the intent to manufacture, sell, give or distribute a controlled substance *or an imitation controlled substance*." (Emphasis added). Code § 18.2-248(C) states that "[e]xcept as provided in subsection C1, any person who violates this section with respect to a controlled substance classified in Schedule I or II shall upon conviction be imprisoned for not less than five nor more than 40 years and fined not more than $500,000." Subsection (C) prescribes enhanced penalties for recidivist offenders:

> Upon a second conviction . . . of such a violation, and . . . [the defendant has previously been] convicted of such an offense or of a similar offense[,] . . . [the defendant] may, in the discretion of the court or jury imposing the sentence, be sentenced to imprisonment for life or for any period not less than five years, three years of which shall be a mandatory minimum term of imprisonment to be

served consecutively with any other sentence, and he shall be fined not more than $500,000.

Code § 18.2-248(C).

Code § 18.2-248(G) states in part:

> Any person who violates this section with respect to an imitation controlled substance which imitates a controlled substance classified in Schedule I, II, III or IV shall be guilty of a Class 6 felony.

Appellant's entire argument is premised on distinguishing *Jones*. In *Jones*, we interpreted Code § 18.2-248(C)'s sentencing enhancement provisions and rejected an argument similar to that which appellant espouses on appeal. There, a trial court convicted Jones of several drug offenses, including five counts of distributing a Schedule I or II controlled substance, second offense. *Jones,* 69 Va. App. at 584. On appeal, Jones contended that the trial court erroneously admitted evidence of his prior conviction for possession with the intent to distribute cocaine as an accommodation, in violation of Code § 18.2-248(D), arguing that it did not qualify as a predicate offense under Code § 18.2-248(C)'s recidivist language. *Id.* at 585. He asserted that Code § 18.2-248 only allows enhanced punishment for defendants with a prior conviction under the statute carrying the specific penalty as described in Code § 18.2-248(C): five to forty years, and a fine of no more than $500,000. *Id.* at 590. Because distribution as an accommodation is punished as a Class 5 felony, Jones argued that his prior accommodation conviction did not constitute a "substantially similar offense" necessary to prove a "second offense" under Code § 18.2-248(C) because of the sentencing discrepancy between subsections (C) and (D). *Jones*, 69 Va. App. at 588.

In attempting to distinguish *Jones*, appellant argues here that subsections (C) and (G) are two distinct offenses, whereas subsections (C) and (D) are not because (D) (accommodation) merely prescribes a reduction in the sentencing component rather than a separate offense. He

- 4 -

concludes that possession with the intent to distribute an imitation controlled substance is a different, lesser crime, thus not triggering the enhanced penalty provision.

We rejected Jones' proffered interpretation, holding that "*any prior conviction* of an offense under Code § 18.2-248, including a conviction as an accommodation under Code § 18.2-248(D), triggers the enhanced punishment provisions of Code § 18.2-248(C)." *Id*. at 589 (emphasis added). Following an extensive statutory analysis, we reiterated that "[a] plain reading of the statute indicates that any previous conviction under Code § 18.2-248 is sufficient to trigger the enhanced punishment of Code § 18.2-248(C)" and concluded that accepting an alternative construction would "render the statute internally inconsistent . . . and yield an absurd result." *Id*.

Appellant's argument focusing on the difference in penalties, contending that subsection (G) is not "substantially similar" to subsection (C), is misplaced and irrelevant to the *Jones* analysis. Our decision in *Jones* controls the disposition of this matter. Here, the Commonwealth proved that appellant had been convicted in 2001 for violating Code § 18.2-248. Under *Jones*' holding, that prior conviction qualified as a predicate offense sufficient to trigger the sentencing enhancement provisions of Code § 18.2-248(C). *Id*. Accordingly, the trial court's ruling on the motion to strike was not plainly wrong or without evidentiary support. *Cf. id*.

CONCLUSION

For the foregoing reasons, we affirm appellant's conviction.

*Affirmed*.

- 5 -