# COURT OF APPEALS OF VIRGINIA

---

Record No. 1473-25-2

---

RICHARD DENNIS LILLY

v.

COMMONWEALTH OF VIRGINIA

---

Present: Chief Judge Decker, Judges Raphael and White

Opinion Issued May 26, 2026[*]

---

**FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG**
Joseph M. Teefey, Jr., Judge

(Steven P. Hanna, on brief), for appellant. Appellant submitting on brief.

(Jason S. Miyares,[1] Attorney General; Matthew J. Beyrau, Senior Assistant Attorney General, on brief), for appellee.

---

**MEMORANDUM OPINION**
**PER CURIAM**

Richard Dennis Lilly appeals his conviction for possessing a Schedule I or II controlled substance with the intent to distribute in violation of Code § 18.2-248.[2] He challenges the sufficiency of the evidence to support his conviction, arguing that he possessed the controlled substance only as an accommodation to another person. He also contends that the trial court erred

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Jay C. Jones succeeded Jason S. Miyares as Attorney General on January 17, 2026.

[2] The conviction order states that Lilly pleaded "no contest" to the drug offense, circuit court record CR24000237-00. It is clear from the transcript, however, that he pleaded "not guilty" to that offense. He later entered "no contest" pleas to pretrial supervision violations, which are not part of this appeal. The sentencing order states that the trial was held on February 11, 2025. But according to the transcript, the date was February 27, 2025. Accordingly, we remand the case to the trial court to correct the apparent clerical errors in the conviction and sentencing orders. *See* Code § 8.01-428(B); *Bagley v. Commonwealth*, 73 Va. App. 1, 30 n.10 (2021).

in stating that an accommodation "required a completed transaction." For the reasons that follow, we affirm the judgment.[3]

BACKGROUND[4]

Captain Larry Mann and Lieutenant Kyshawn Ralls of the Petersburg Bureau of Police were on patrol in a marked police vehicle on April 23, 2022. They saw Lilly in the driver's seat of an SUV talking to a man who was standing "in the middle of the street." When the two men saw the police, Lilly made a U-turn, and the other man walked to a nearby vehicle. Lilly stopped, and the other man quickly returned to Lilly's SUV. The two had a brief conversation, and then Lilly drove away. As Lilly did so, he drove through a stop sign without stopping.

The officers initiated a traffic stop of Lilly's SUV and approached the driver's window. Captain Mann saw Lilly "moving around inside the vehicle towards the gearshift." Upon request, Lilly consented to a search of his SUV. As he got out of the driver's seat, he pulled something out from near the gearshift and started running. Lieutenant Ralls saw "something white" in Lilly's hand as he ran. The officers pursued Lilly and overtook him when he fell about twenty feet away from the SUV.

On the ground where Lilly fell, Captain Mann found a clear plastic bag containing a white substance, which Lilly said was cocaine. Lilly told Mann that "the guy" he was talking to "gave it to him and asked him to hold onto it." The contraband was packaged within two

---

[3] Having examined the briefs and record in this case, the panel unanimously agrees that oral argument is unnecessary because "the appeal is wholly without merit." *See* Code § 17.1-403(ii)(a); Rule 5A:27(a).

[4] Under the applicable standard of review, this Court considers "the evidence in the light most favorable to the Commonwealth," as the prevailing party below. *Vera v. Commonwealth*, 77 Va. App. 271, 275 (2023) (quoting *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022)). In doing so, we "regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn" from that evidence. *Id.* (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)).

- 2 -

separate ziplock bags.  Forensic analysis later established the bags contained 28.78 grams of methamphetamine.

A grand jury indicted Lilly, charging him with possession of a Schedule I or Schedule II controlled substance with the intent to distribute.  At trial, Captain Mann testified as an expert in the "identification of distribution of narcotics."  He said that the methamphetamine was packaged "as if the individual had bought the volume or the weight to break it down and sell it to small users."  He testified that an individual user "wouldn't buy an ounce at a time."  According to Captain Mann, the street value of one gram of methamphetamine was $80 to $100.  He explained that a normal user would consume between "a gram or less" and up to three grams per day.  In the captain's expert opinion, possession of approximately twenty-eight grams of methamphetamine was inconsistent with personal use.  During cross-examination, Mann acknowledged that Lilly's explanation that the other man handed him the methamphetamine "to hold" comported with what he had seen.

After the close of the Commonwealth's case-in-chief, Lilly made a motion to strike the evidence.  He acknowledged that he possessed the contraband but argued there was no evidence of distribution, such as money, cell phones, baggies, or scales.  Lilly also contended that Captain Mann's "forthright" testimony corroborated his claim that he was merely "holding" the methamphetamine for "the other person."  He argued that as a result he was guilty of only "simple possession or an accommodation."  The court denied the motion.

Lilly testified in his own defense.  He said that he had the methamphetamine because his "friend" asked him "to hold it for him."  Lilly also explained that he did not intend to trade or sell it.  But on cross-examination, Lilly testified that his friend said only "they're coming back, go, go, go" when he gave him the drugs, and Lilly appeared not to remember telling the police that he said he was holding the drugs for someone else.  Lilly claimed that he did not see the

drugs in his car until the officers approached after the traffic stop and then he "panicked" and tried to flee. He acknowledged that he had six prior felony convictions.

In closing argument, Lilly again argued that there was no evidence of distribution. He contended that the evidence demonstrated only that he received the contraband, panicked, ran, and was caught almost immediately. He argued that the evidence showed "either a simple possession case or, at worse, no more than an accommodation" because he was only "holding the stuff" and was not going to receive anything of value for it. When the trial court responded that an accommodation "requires a completed distribution by him to another," Lilly acknowledged that there was "no actual transaction." He reiterated that the offense could be no more than simple possession because he was only "holding" the contraband.

The trial court found that Lilly was "all over the place in terms of his statements," saying "one thing" at his arrest and "something different" at trial. As trier of fact, the court did not credit Lilly's statement that he was holding the methamphetamine for the other man. Noting that Captain Mann's comment that Lilly's explanation seemed plausible was "premised on [Lilly's] statement . . . at the scene," the court did not assign any weight to that comment. Given Lilly's furtive movements, his flight from the officers, and Mann's expert testimony regarding the quantity and value of the methamphetamine, the court convicted Lilly of possession of a controlled substance with the intent to distribute.

At the sentencing hearing, Lilly admitted that he placed himself in "an extremely bad situation" through his own "stupidity." He claimed that he ran because he was frightened and denied using methamphetamine. He reminded the court that he argued during the guilt phase of trial that the case was merely "an accommodation and that he was simply holding" the methamphetamine for someone else. Arguing that he accepted responsibility for his offense, Lilly asked the court to sentence him to time served.

The trial court reviewed Lilly's criminal history and the circumstances of the instant offense. The court then imposed ten years of incarceration, with eight years and six months suspended.

ANALYSIS

## I. Evidence of Distribution

Lilly contends that the evidence was insufficient to support his conviction "given the lack of any indicia of distribution." After reviewing the record, we conclude the evidence supports the conviction.

Under the well-established standard of review for sufficiency challenges, "[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it." *Commonwealth v. Wilkerson*, 304 Va. 92, 100 (2025) (quoting *Commonwealth v. Garrick*, 303 Va. 176, 182 (2024)). Appellate review "does not distinguish between direct and circumstantial evidence, as the fact finder itself 'is entitled to consider all of the evidence, without distinction, in reaching its determination.'" *Garrick*, 303 Va. at 183 (quoting *Commonwealth v. Moseley*, 293 Va. 455, 463 (2017)). "[A]lthough a 'single piece of evidence may [not] be sufficient, the combined force of many concurrent and related circumstances . . . may lead a reasonable mind irresistibly to a conclusion.'" *Id.* at 184 (second and third alterations in original) (quoting *Moseley*, 293 Va. at 463).

The question on appeal is "whether any rational trier of fact could have found the [challenged] elements of the crime beyond a reasonable doubt." *Cappe v. Commonwealth*, 304 Va. 86, 87 (2025) (per curiam) (quoting *Sullivan v. Commonwealth*, 280 Va. 672, 676 (2010)); *accord Commonwealth v. Barney*, 302 Va. 84, 97 (2023). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*

*v. Commonwealth*, 72 Va. App. 513, 521 (2020) (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

The evidence in this case showed that Lilly had 28.78 grams of methamphetamine in his possession, worth approximately $1,800 to $2,200. Captain Mann testified as an expert in the "identification of distribution of narcotics." He said that the street value of one gram of methamphetamine was $80 to $100 and a user would typically consume a daily amount of "a gram or less" to three grams. Mann explained that someone in possession of methamphetamine for personal use did not typically possess a large quantity. *See Cole v. Commonwealth*, 294 Va. 342, 362 (2017) ("[Q]uantity, alone, may be sufficient to establish . . . intent [to distribute] if it is greater than the supply ordinarily possessed for one's personal use." (alterations in original) (quoting *Dukes v. Commonwealth*, 227 Va. 119, 122 (1984))); *Holloway v. Commonwealth*, 57 Va. App. 658, 666-67 (2011) (en banc) (recognizing that a police officer's expert testimony is a relevant factor to consider when determining whether drugs were possessed with intent to distribute).

The methamphetamine was contained within two separate ziplock bags, which appeared to Captain Mann "as if the individual had bought the volume or the weight to break it down and sell it to small users." *See Holloway*, 57 Va. App. at 666 (listing "packaging" as a relevant factor to consider). The fact that other items suggesting distribution, such as baggies or digital scales, were not found with Lilly does not mean as a matter of law that he had no intent to distribute the methamphetamine in his possession. Further, the trial court was free to reject Lilly's hypothesis that he was merely holding the drugs for another person. *See Cuffee v. Commonwealth*, ___ Va. ___, ___ (Apr. 16, 2026) (explaining that a hypothesis of innocence is reasonable only if the fact finder's rejection of the hypothesis is unreasonable or arbitrary).

Based on this record, the evidence of intent to distribute was sufficient to sustain Lilly's conviction.

## II. Accommodation

Lilly argues that the trial court erred by failing to find that he possessed the methamphetamine as an accommodation for another person. He, therefore, concludes that he "could only be convicted of possession with the intent to distribute a Schedule I or II controlled substance as an accommodation." This argument is legally flawed.

Lilly mischaracterizes accommodation as an element of the offense of possession with intent to distribute. "Code § 18.2-248(D) allows a reduced *sentence* if a defendant [possesses drugs with the intent to distribute] 'only as an accommodation to another individual'" without any intent to profit or encourage the use of drugs. *Laney v. Commonwealth*, 76 Va. App. 155, 164 (2022) (emphasis added) (quoting Code § 18.2-248(D)). This statutory subsection operates as "a partial affirmative defense to mitigate the punishment for the crime of distribution of a controlled substance. It is not a separate offense requiring that the Commonwealth prove different elements." *Jones v. Commonwealth*, 69 Va. App. 582, 590 (2018); *accord Stillwell v. Commonwealth*, 219 Va. 214, 222 (1978). So "[w]hether a defendant acted only to accommodate another is a determination to be made after guilt has been decided and in contemplation of the penalty to be imposed." *Foster v. Commonwealth*, 38 Va. App. 549, 555 (2002); *accord Porter v. Commonwealth*, 66 Va. App. 302, 307-08 (2016). As a result, in determining Lilly's guilt or innocence, the trial court properly declined to consider whether Lilly acted to accommodate another individual. *See Foster*, 38 Va. App. at 555-56.

The trial court also did not err in rejecting Lilly's claim of accommodation when imposing his sentence.[5] "Code § 18.2-248(D) establishes a presumption against an accommodation distribution and requires the defendant to prove accommodation by a preponderance of the evidence." *Id.* at 557. A "claim of accommodation, at most, raise[s] an issue of fact to be resolved by the fact finder." *Laney*, 76 Va. App. at 164 (quoting *Foster*, 38 Va. App. at 557). Factual findings are reviewed "'with the highest degree of appellate deference'" and are "affirmed unless they are plainly wrong or without evidence to support them." *Id.* at 164-65 (quoting *Joyce v. Commonwealth*, 56 Va. App. 646, 664 (2010)).

The trial court, sitting as the finder of fact, was free to accept or reject the testimony of the witnesses. *See id.* at 165; *Foster*, 38 Va. App. at 557. The court did not give any weight to Captain Mann's comment that Lilly's account that he was simply holding the drugs for the other man seemed plausible because it was "premised" on Lilly's statement after his arrest. And the court found that Lilly's statement was not "reliable." *See Washington v. Commonwealth*, 75 Va. App. 606, 615-16 (2022) (applying the plainly wrong standard to determinations of credibility). Accordingly, Lilly did not successfully rebut the presumption against his claim of accommodation. *See Laney*, 76 Va. App. at 165; *Barlow v. Commonwealth*, 26 Va. App. 421, 431 (1998).

In his second assignment of error, Lilly contends that the trial court misunderstood the law and erroneously stated that an "accommodation require[d] a completed distribution." This argument is waived under Rule 5A:18 because Lilly did not object at trial when the court made

---

[5] The Court assumes without deciding that Lilly's assignment of error encompasses a claim that the trial court erred in not considering accommodation when imposing sentence and that Lilly's argument at the sentencing hearing preserved the issue. *See McGinnis v. Commonwealth*, 296 Va. 489, 501 (2018) (assuming without deciding that an issue was properly before the Court because addressing it on the merits provided the best and narrowest ground for resolution).

the statement, nor did he argue below that the court had misconstrued the law. *See Maxwell v. Commonwealth*, 287 Va. 258, 265 (2014) (holding that the defendant failed to preserve an argument when he did not allow the trial court the opportunity to rule on the issue "at a point in the proceeding" when the court could properly "consider" it (quoting *Scialdone v. Commonwealth*, 279 Va. 422, 437 (2010))). Rather, defense counsel acknowledged that there had been "no actual transaction" and argued that Lilly did not have the intent to distribute because he was simply "holding" the methamphetamine for someone else. Lilly has not asked this Court to invoke either the good-cause or ends-of-justice exception contained in Rule 5A:18, and we will not consider those exceptions sua sponte. *See Fleming v. Commonwealth*, 85 Va. App. 27, 54 (2025).

For these reasons, accommodation is not relevant to the finding of guilt. As a result, our review of Lilly's accommodation claim is limited to the sentencing phase of his trial. And his argument that the trial court misunderstood the law is waived. The trial court did not err by rejecting Lilly's claim of accommodation.

CONCLUSION

The trial court did not err in finding Lilly possessed the methamphetamine with intent to distribute and did not act as an accommodation to another individual. The judgment is therefore affirmed. We remand the case to the circuit court solely for the correction of the apparent clerical errors referenced in footnote 2.

*Affirmed and remanded*.